IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA ALSINA-ORTIZ
and/or the ESTATE OF MR. ORLANDO
OCASIO-ALSINA COMPOSE OF MARIA
ALSINA-ORTIZ

Plaintiffs

vs                                                          CIVIL 98-1893CCC

MS. ZOE LABOY in her personal capacity,
JOHN DOE in his personal capacity and the
conjugal partnership or community property
constituted between Zoe Laboy and John
Doe;
MR. SIXTO MARRERO in his personal
capacity, JANE DOE in her personal
capacity, and the community property or
conjugal partnership constitued betwwen
Sixto Marrero and Jane Doe;
MS. AIDA GUZMAN in her personal
capacity, BILL DOE in his personal capacity
and the conjugal partnership or community
property constituted between Ms. Aida
Guzmán and Bill Doe;
MR. EMILIO CASTILLo in his personal
capacity, MERCEDES ROSADO in her
personal capacity and the community
property or conjugal partnership constituted
between Emilio Castillo and Mercedes
Rosado;
DOCTOR ILEANA TORRES-ARROYO in
her personal capacity JOE DOE in his
personal capacity and the community
property or conjugal partnership constituted
between Joe Doe and Doctor Ileana Torres;
DOCTOR ERNESTO TORRES-ARROYO in
his personal capacity, OLGA I. MENDEZ-
FLORES in her personal capacity and the
conjugal partnership or community property
constituted between Doctor Ernesto Torres-
Arroyo and Olga I. Méndez-Flores;
X, Y and Z INSURANCE COMPANIES;
DOCTOR ELLIOT MELECIO-VEGA
CLARK DOE, the conjugal partnership or
community property constituted between
Doctor Elliot Melecio-Vega and Clark Doe,
and JAKE DOE

Defendants

AO 72A
(Rev.8/82)

CIVIL 98-1893CCC                                            2

## INITIAL SCHEDULING AND CASE MANAGEMENT ORDER

This case was called for an initial scheduling conference on Tuesday, November 30, 1999 at 10:00 a.m. Plaintiff was represented by attorney Glenn James-Hernández. Lissie M. Portela and Leticia Ramírez-Rangel appeared on behalf of the defendants.

This is an action for violations of civil rights and damages for injuries. There is an action pending in the Commonwealth court, José Enrique Ocasio Alcina v. ELA, Cv. KDP-98-246. Neither party anticipates any amendments to the complaint other than identifying the wife of one of the physicians.

The parties are well into their discovery. Remaining are the deposition of inmates, experts, defendants and production of documents. Defendants are requesting medical records of the deceased, for which they need the authorization of the plaintiff. The parties will file a joint motion after the close of discovery stipulating facts.

Having considered the above, the Court now RULES:

The parties are GRANTED until March 31, 2000 to conduct all discovery. By this deadline, all interrogatories and requests for production of documents and for admissions must be answered and all depositions and examinations taken. This means that interrogatories and requests for admissions must be served at least thirty (30) days prior to the deadline and notice of depositions given within a reasonable time within the deadline. The parties are advised that the discovery period established herein will not be postponed or altered except by order of the Court and upon good cause shown. During this period the parties shall engage in cooperative efforts to conclude all their discovery. Any discovery problem which may not be solved informally as required by the Local Rules of Procedure, shall be brought promptly to the Court's attention. However, no such motion will be reviewed unless it contains a statement by the

CIVIL 98-1893CCC                              3

movant, pursuant to Local Rule 311.11, that a good faith effort was made with opposing counsel to reach an agreement on the matters set forth in the motion. While any such problem is pending resolution by the Court, discovery on all other matters shall continue. No motion shall interrupt discovery unless the Court so orders. The parties are reminded that they are not to file any discovery papers with the Court other than as permitted by Local Rule of Procedure 315.

If the filing of a dispositive motion is deemed necessary, it shall be filed no later than thirty (30) days after the conclusion of discovery. If not filed by said date, the arguments thereunder shall be deemed waived. Any opposition will be filed within thirty (30) days after filing of the motion. If any reply to the opposition is needed, it shall be filed only after requesting leave from the Court as required by Local Rule of Procedure 311.7. No other pre-trial dispositive motion shall be filed without first requesting and obtaining the Court's permission.

The **pretrial conference is hereby set for July 13, 2000 at 4:45 PM. The jury trial is set for September 14, 2000 at 9:30 AM.**

The action will be set for a settlement conference after the close of discovery, unless the parties request an earlier setting.

The parties are reminded that if they want the case set for trial before a U.S. Magistrate-Judge, pursuant to 28 U.S.C. §633(c), they must comply with the requirements of Local Rule of Procedure 509.

The dates specified herein were agreed to or otherwise ordered by the Court at the conference and the parties have been informed by the Court that they have to comply with such schedule regardless of the fact that this Order, in its written form, may not be entered before the event.

AO 72A
(Rev.8/82)

CIVIL 98-1893CCC                                4

Any objections or requests for modification of the terms and conditions of this Order shall be filed within eleven (11) days after notice, or they shall be considered waived.

SO ORDERED.

At San Juan, Puerto Rico, on December 7, 1999.

CARMEN CONSUELO CEREZO
United States District Judge