IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MARÍA ALSINA ORTIZ, ET. AL. | * | CIVIL NO. 98-1893 (JAG) |
| AND/OR THE ESTATE OF MR. | * | |
| ORLANDO OCASIO ALSINA | * | |
| COMPOSE OF MARÍA ALSINA | * | |
| ORTIZ | * | |
| | * | PLAINTIFFS DEMAND TRIAL |
| PLAINTIFFS | * | |
| | * | BY JURY |
| VS. | * | |
| | * | |
| MS. ZOE LABOY IN HER PERSO- | * | |
| NAL CAPACITY, JOHN DOE IN | * | |
| HIS PERSONAL CAPACITY AND, | * | |
| ET. ALS. | * | |
| | * | |
| DEFENDANTS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' PROPOSED PRETRIAL ORDER**

**I.    COUNSELS FOR THE PARTIES**

**Plaintiffs**, María Alsina Ortiz and/or the estate of Mr. Orlando Ocasio Alsina compose of María Alsina Ortiz, are represented by attorney Glenn Carl James from James Law Offices, Calle Peñuelas 65-C, San Juan, PR 00918, telephone 763-2888 and 763-2885.

Plaintiffs invited defendants' attorneys so the meeting take place on April 19, 2005 at James Law Offices, Calle Peñuelas 65-C, San Juan, P.R. 00918, and present was: Glenn Carl James.

## II. NATURE OF THE ACTION AND JURISDICTION

### A. Plaintiffs' nature of the action and jurisdiction:

The instant case is a civil rights and tort action brought by plaintiffs against Mr. Emilio Castillo, his conjugal partnership and Mercedes Rosado as a result of the damages suffered by plaintiff(s) due to the breach of 42 U.S.C.A. 1983 and 1988; the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America, other federal statutes addressed within this document; Article 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. 5141-5142 and Santiago Otero v. Méndez, 135 D.P.R. 540, 557(1994).

Plaintiffs have jurisdiction of this Court to entertain this suit pursuant to several different grounds. This Honorable Court has jurisdiction over this cause of action pursuant to 28 U.S.C. sections 1331, 1343 (3), (4) and 1367; 42 U.S.C., Sections 1983 and 1988; the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America. Also, this Honorable Court has pendant and supplementary jurisdiction of Ms. María Alsina Ortiz and/or the Estate of Mr. Orlando Ocasio Alsina compose of Ms. María Alsina Ortiz' state law claims under Articles 1802 and 1803 of the Civil Code of Puerto Rico, sections 5141 and 5142 of Title 31 of the Laws of Puerto Rico Annotated,

and <u>Ramírez Salcedo, etc. vs. Estado Libre Asociado de Puerto Rico</u>, 96 JTS 41.


## III. AMENDMENTS TO THE PLEADINGS:


### A.   Plaintiffs:

Facts and legal theory covered within this document.


## IV.  STATEMENT OF EACH PARTY'S FACTUAL VERSION OF THE CASE


### A.   PLAINTIFFS' FACTUAL CONTENTIONS:


At all times herein relevant, plaintiffs, María Alsina Ortiz and/or the Estate of Mr. Orlando Ocasio Alsina compose of Ms. María Alsina Ortiz are citizens of the United States of America with residence at Cayey, Puerto Rico. Mr. Orlando Ocasio Alsina suffered for a period of six months before he died after he had received a head injury, he suffered due to the deliberate indifference from the co-defendants. María Alsina Ortíz is the mother of Mr. Orlando Ocasio Alsina and she inherits Mr. Orlando Ocasio Alsina cause of action(s). His estate and/or María Alsina

Ortíz is(are) only claiming the damages caused to Mr. Orlando Ocasio Alsina.

Co-defendants, Mr. Emilio Castillo in his personal capacity, Mercedes Rosado in her personal capacity and the community property or conjugal partnership constituted between Emilio Castillo and Mercedes Rosado, are citizens of the United States but residents of the Commonwealth of Puerto Rico. Mr. Emilio Castillo is a high-ranking official of the Bayamón State Prison, with the title of the sergeant or lieutenant at the Correctional Complex of Bayamón. He acted with deliberate indifference regarding to Mr. Orlando Ocasio Alsina's medical needs, when he knew or should of known of Mr. Ocasio's physical condition and medical necessities. The defendant failed to take the necessary measures to protect Mr. Orlando Ocasio Alsina, depriving him of his constitutional and civil rights. These defendants are sued in their personal capacity, because Mr. Emilio Castillo's acts and/or omissions were during the scope and course of his employment with a "state government" agency. All his acts and omissions were done pursuant to state law or under color of state and/or federal law. Co-defendants, Mercedes Rosado in her personal capacity, the Conjugal Partnership or Community Property Constituted Between Emilio Castillo and Mercedes Rosado were liable for the negligent and/or deliberate indifferent acts

and/or omissions from Emilio Castillo. Ms. Mercedes Rosado was the wife of Mr. Emilio Castillo.

Mr. Orlando Ocasio Alsina arrived at the state prison at Bayamón, approximately on November 6, 1997. On November 8, 1997, a riot occurred at the state prison, and as a result of the revolt, Mr. Orlando Ocasio Alsina was hit on the back of his head by a correctional officer. Mr. Orlando Ocasio Alsina received a serious head injury. The right side of his body was immediately paralyzed because of the head injury. Also, he was constantly complaining of pain at his head, his body was shaking, he was evidencing convulsions, and he had other symptoms. He was suffering physically and mentally, as described, **for a period of over six months. Over the first two months after the injury co-defendants' acts and/or omissions were with deliberate indifference, callous disregard and/or recklessness**.

Prior to November 8, 1997, Mr. Orlando Ocasio Alsina could walk and he was very strong.

On January 2, 1998, he was taken to the Medical Center at Río Piedras because the convulsions were so strong and repetitive that Mr. Orlando Ocasio Alsina was dying. He was taken out from the prison because Mr. Orlando Ocasio Alsina's family was behind the co-defendants for along period of time, so that he could receive the required medical attention. The lack of treatment was obvious. Also, he was taken to the Medical Center at Río Piedras,

after the Honorable Superior Court, Caguas Part, issued an order so that Mr. Orlando Ocasio Alsina be provided adequate and/or essential medical attention. The Honorable Court issued the order on December 23, 1997, and on January 2, 1998, was when he was taken to the Medical Center at Río Piedras.

On May 11, 1998, Mr. Orlando Ocasio Alsina died from the lack of providing the essential, adequate and/or proper treatment for his serious head injury, of his toxoplasmosis, AIDS and HIV, due to the fact, that co-defendants and/or the employees under their supervision had provided an improper access to medical attention.

At the present time, Mr. Orlando Ocasio Alsina is not in prison, jail, a correctional facility or under the custody of the Correction Bureau.

Ms. María Alsina Ortiz is Mr. Orlando Ocasio Alsina's mother. She always leaved together with Mr. Orlando Ocasio Alsina, because he never married. Both of them had the intention to keep living together as long as possible.

Co-defendants deprived Mr. Orlando Ocasio Alsina of the necessary, essential, proper and/or adequate medical attentions, needs, medical equipment, doctors, medicine, and medical services, in order to take care of his paralyzed right side of his body and head injury. Co-defendants knew or should of known that Mr. Orlando Ocasio Alsina needed medical attention and that

it was not provided to him. Co-defendants' acts and/or omissions breach plaintiffs' civil rights, due to their recklessness, callous disregard and/or deliberate indifference. Co-defendant could infer that a substantial risk of serious harms exists. This was one of the adequate and/or proximate causes of plaintiffs' damages.

Mr. Orlando Ocasio Alsina did not receive a wheelchair during an adequate period of time, it lapsed over seven weeks between the head injury and the time he received the wheelchair. He was left with half of his body paralyzed without giving him the proper and required medical equipment. Co-defendants knew or should of known that Mr. Orlando Ocasio Alsina needed a wheelchair and that it was not provided to him. Co-defendants' acts and/or omissions breach plaintiffs' civil rights due to their recklessness, callous disregard and/or deliberate indifference. This was one of the adequate and/or proximate causes of plaintiffs' damages.

Mr. Orlando Ocasio Alsina was ordered to take therapy and/or be provided medical attention outside from the Bayamón Correctional Facilities, and those services where not given to him. For example, it was not until February 1998, that he started to receive therapies. More than 12 weeks lapsed since he had received the head injury and started the therapies. Co-defendants knew or should of known that Mr. Orlando Ocasio Alsina needed

that medical attention. Co-defendants should of known, because over 12 weeks lapsed since the injury. Co-defendants acts and/or omissions breach plaintiffs' civil rights due to their recklessness, callous disregard and/or deliberate indifference. This was one of the adequate and/or proximate causes of plaintiffs' damages.

Co-defendants breach Mr. Orlando Ocasio Alsina's civil rights because they did not transfer him to an adequate or essential facility during a reasonable period of time, so that Mr. Orlando Ocasio Alsina would receive the specialize service needed due to his serious condition. Co-defendants knew or should of known that Mr. Orlando Ocasio Alsina needed an adequate medical attention, and it was not provided to him. Co-defendants' acts and/or omissions breach plaintiffs' civil rights, because they were reckless, acted with callous disregard and/or with deliberate indifference. This was one of the adequate and/or proximate causes of plaintiffs' damages.

Mr. Emilio Castillo saw many times Mr. Orlando Ocasio Alsina in the physical condition described in the prior paragraph, at the Bayamón State Prison. He acted with recklessness, with callous disregard and/or deliberate indifference, when he knew of Mr. Orlando Ocasio Alsina's condition and he did not help him to obtain access to medical needs. Also, some prisoners expressly told to Mr. Emilio Castillo that Mr. Orlando Ocasio Alsina had

needed medical attention. Those acts and/or omissions from Mr. Castillo were with deliberate indifference. He was a sergeant and/or lieutenant at the Correctional Complex that had the duty to take care of Mr. Orlando Ocasio Alsina and his cell. Co-defendants, Mercedes Rosado in her personal capacity, the Conjugal Partnership or Community Property Constituted between Emilio Castillo and Mercedes Rosado were liable for those negligent and/or deliberate indifferent acts and/or omissions from Emilio Castillo. Ms. Mercedes Rosado was the wife from Mr. Emilio Castillo.

Co-defendants knew or should of known that Mr. Orlando Ocasio Alsina was not suitable to be in his cell or module. They did not provide adequate and essential medical needs at the Bayamón Correctional Facility within a reasonable period of time. Co-defendants' acts and/or omissions breach plaintiffs' civil rights due to their recklessness, callous disregard and/or deliberate indifference. **The breach of that duty** was one of the adequate and/or proximate causes of plaintiffs' damages. The co-defendants breach of plaintiffs' civil rights was undertaken in the course of their duties and within the limits of their authority. Co-defendants had acted with deliberate indifference when they had allowed that Mr. Orlando Ocasio Alsina stayed about two month at the Bayamón State Prison, and later on other improper facilities.

Also, the first eight weeks that lapsed since Mr. Orlando Ocasio Alsina's head injury, how was his condition and the time he was transferred from the Bayamón Correctional Facility, evidence that co-defendants should of known of Mr. Orlando Ocasio Alsina's medical needs. This would evidence their recklessness, callous disregard and/or deliberate indifference.

All of co-defendants' acts and/or omissions were in the course of their duty and within the limits of their authority. Their deliberate indifference to plaintiffs' civil rights was the adequate and/or proximate cause of plaintiffs' damages.

Due to the facts stated above, plaintiffs were deprived of their rights secured by the Fifth, Eighth and Fourteenth Amendment of the Constitution of the United States.

The facts of the defendants to their factual version are denied, only the facts that are expressly admitted within this section are the ones accepted (it has to be written).

## PLAINTIFFS' DAMAGES

The Honorable Court of the United States in Smith v. Wade, 461 U.S. 30, 51 (1983); states reckless or callous disregard for the plaintiffs' rights, should be sufficient to trigger a jury's consideration of appropriateness of punitive damages. Defendants acted with reckless and callous disregard due to the fact that

they knew or should of known that Mr. Orlando Ocasio Alsina was delayed in his medical attention that he needed due to his condition. He approximately suffered for six months. Co-defendant(s), the Estate of Ms. Orlando Ocasio Alsina compose of Ms. Maria Alsina Ortiz and/or Ms. Maria Alsina Ortiz reasonably estimates the punitive damages in the amount of eight million dollars ($8,000,000.00). The Estate of Ms. Orlando Ocasio alsina composes of Ms. Maria Alsina Ortiz and/or Ms. Maria alsina Ortiz, inherits Mr. Orlando Ocasio Alsina's cause of action.

Mr. Orlando Ocasio Alsina have suffered mentally and physically as a result of codefendants' acts and omissions. He had a constant pain in his head for approximately six months. He could not even walk, and half of his body was paralyzed. He was not provided with a wheelchair for over a period of six weeks. He painfully and consciously agonized before his death. The Estate and/or Ms. María Alsina Ortiz reasonably estimate(s) his (their) suffering and mental anguish in the amount of three million dollars ($3,000,000.00). Due to Mr. Orlando Ocasio Alsina's death, this amount of money will be inherited by his Estate composed of Ms. María Alsina Ortiz and/or Ms. María Alsina Ortiz.

Mr. Orlando Ocasio Alsina lost his life, and with it, all the enjoyment that he would have received throughout the years. He lost the possibility to obtain the love, affection, care,

attention, companionship, and protection from his family and friends. He suffered the loss of enjoyment of life, which the Estate of Mr. Orlando Ocasio Alsina compose of Ms. María Alsina Ortiz and/or Ms. María Alsina Ortiz claim(s) and estimate(s) to be no less than two million dollars ($2,000,000.00). The Estate of Ms. Orlando Ocasio Alsina compose of Ms. María Alsina Ortiz and/or Ms. María Alsina Ortiz, inherit(s) Mr. Orlando Ocasio Alsina's cause of action.

Plaintiffs had incurred in burial's expenses that are estimated in the amount of five thousand dollars ($5,000.00).

## V. A STATEMENT OF EACH PARTY'S LEGAL THEORY:

### A. PLAINTIFFS' LEGAL THEORY:

Defendants were liable to plaintiffs, María Alsina Ortiz and/or to Mr. Orlando Ocasio Alsina's Estate, because every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of or Territory, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper redress. 42

U.S.C. 1983. Defendants' breached of this legal duty and their indifference was one of the causes of plaintiffs' damages.

Plaintiffs will prevail in an action brought under section 1983 due to the fact that she was deprived of a **right, secured by the Constitution or laws of the United States**. Valdivieso Ortiz v. Burgos, 807 F .2d 6, 7(1st Cir. 1986). Plaintiff(s) were deprived of a Constitutional right, which will be discussed further on, such as the Fifth, Eighth and Fourteenth Amendments.

Failure or refusal to provide treatment; when indicating a deliberate indifference to serious medical needs of prisoners, could well result in deprivation of life itself and as such, it violates the Due Process Clause, Amendment XIV of the Constitution of the United States. Bowing v. Godwin, C.A. 1977, 551 F 2d 44. Defendants' breached of this legal duty and their indifference was one of the adequate causes of plaintiffs' damages.

Defendants were liable to plaintiffs' claim of Mr. Orlando Ocasio Alsina's medical mistreatment rises to proportions of this clause when it asserts refusal to provide essential medical care after prisoner brings his medical complaint to attention of prison authorities. Wright v. Stickler, D.C. Ill. 1981, 523 F. Supp. 193. Defendants' breached of this legal duty and their indifference was one of the adequate causes of plaintiffs' damages.

13

Also, deliberate indifference to serious medical needs of prison inmates constitutes unnecessary and wanton infliction of pain proscribed by the Due Process Clause, Amendment V of the Constitution of the United States and Amendment VIII. Feliciano v. Barceló, D.C. Puerto Rico 1979, 497 F. Supp. 14. Defendants' breached of this legal duty and their indifference was one of the adequate causes of plaintiffs' damages.

Civil rights action is a proper remedy for a state prisoner to make a constitutional challenge to the conditions of his prison life. Wilson v. Nevada Dept. of Prisons, D.C. Nev. 1981, 511 F. Supp. 750. Defendants' breached of this legal duty and their indifference was one of the adequate causes of plaintiffs' damages.

Co-Defendants were liable to plaintiffs because they breach their duty, when prisoner had showed that he suffered cruel and unusual punishment through **failure of prison officials to permit him to see a physician fort the first three days following knee injury**, he would be entitled to recover damages in civil rights action for pain and suffering during the three day delay, which could have been alleviated by treatment or medication had it been rendered. Walnorch v. Mc Monagles, D.C. Pa. 1976, 412 F. Supp. 270. Defendants, Ms. Zoe Laboy, Ms. Sixto Marrero and Mr. Emilio Castillo, breached of this duty and their indifference was one of the adequate causes of plaintiffs' damages.

Co-defendants were liable pursuant to 42 U.S.C.A. § 1983 and the Eighth Amendment of the Constitution of the United States, when it was shown that an unreasonable risk of injury and acts or omissions of prison officials causes a sufficient harm, due to their deliberate indifference to the inmate's physical well-being. Swarts v. Johnson, W.D. Mich. 1986, 628 F. Supp. 549. The breach of this duty and their indifference was one of the adequate causes of plaintiffs' damages.

Co-defendants were liable to plaintiffs because they breach the duty, that when the risk of harm was such as to put prison officials on notice that safety problem exists and that protective measures were needed, the absence of any procedure or guideline to protect prisoners from the risk of harm it will constitute a complete indifference to prisoner's safety needs in violation of the Constitution. Hickman v. Hudson, D.C. Vt. 1983, 557 F. Supp. 1341. The breach of this duty and their indifference was one of the adequate causes of plaintiffs' damages.

Defendants were liable to plaintiffs pursuant to Nelson vs. Collins, D.C. Md. 1978, 455 F. Supp. 727, affirmed in part and remanded on other grounds 588 F.2d 1378; that states that confinement of mentally ill inmates in isolated confinement section constituted **cruel and unusual punishment where necessary medical assistance was not available within reasonable time.** The

breach of this duty and their indifference was one of the adequate causes of plaintiffs' damages.

Defendants were liable to plaintiffs because they breach their duty, that when each inmate was placed in isolation, whether he was in pretrial or post trial confinement, they must receive medical visits or attention to insure that his physical and mental well-being were not being harmed and the frequency of such visits should be determined in accordance with acceptable medical standards and security considerations. Collins v. Schoonfield, D.C. Md. 1972, 344 F. Supp. 257, supplemented 363 F.Supp. 1152. The breach of this duty and their indifference was one of the adequate causes of plaintiffs' damages.

Defendants were liable to plaintiffs when the jail physician denied a state prisoner the medical cares in violation of a court order, was sufficient to state a claim against physician. Maclin v. Paulson, C.A. 1980, 627 F. 2d 83. The breach of this duty and their indifference was one of the adequate caused of plaintiffs' damages.

In context of civil rights action, prisoner must show not only that prison officials were callously indifferent to his medical needs, but that those needs were serious and that the failure to treat them resulted in considerable harm; a serious medical need was one which has been a mandating treatment or one which was so obvious that even a lay person would easily

recognize the necessity for a doctor's assistance. Laaman v. Helgemoe, D.C. 1977, 437 F. Supp. 269. Co-defendants did not provide a serious medical need to Orlando Ocasio Alsina and it was very obvious that he needed assistance. The breach of this duty and their indifference was the adequate cause of plaintiffs' damages.

Co-defendants were liable to plaintiffs due to the fact that they deprived Orlando Ocasio Alsina of a medical treatment, that it seriously dangered his well-being, so that this act or omission would be actionable as violation of section 1983 and U.S.C.A. Conts. Amed. 8. Stokes v. Hurdle, D.C. Md. 1975, 393 F. Supp. 757 affirmed 535 F 2d 1250. The beach of this duty and their indifference was one of the adequate causes of plaintiffs' damages.

A showing in a civil rights action of prison officials' deliberate indifference to prisoner's serious medical needs requires showing of official's actual awareness of substantial risk of serious harm. Walker v. Godinez, N.D. Ill. 1995, 912 F. Supp. 307. Defendants' acted with deliberate indifference and of the breach of the duty stated here, was an adequate cause of plaintiffs' damages.

A prison doctor's deliberate indifference to serious medical needs of paralyzed prisoner, as needed in 1983 civil rights action, was established where the doctor **knew of prisoner's**

**paraplegia, knew that prisoner was not permitted wheelchair in cellblock, and refused to admit prisoner to infirmary where wheelchair could be used; prisoner was not bathed or given hospital mattress for several days. Weeks v. Chabound, C.A. 6 (Ohio) 1993, 984 F. 2d 185.** Mr. Orlando Ocasio Alsina was not provided a wheelchair for over a month and a half, even though he could not even walk anymore. Mr. Orlando Ocasio Alsina was not provided his medication on time by the defendants and/or the Correction Bureau, many times other prisoners had to provide him with their medications, because Mr. Orlando Ocasio Alsina was not given his medication. The breach of this duty and their indifference was one of the adequate causes of plaintiffs' damages.

The Honorable Supreme Court of Puerto Rico states that the liability of the supervisors is based on their act and omissions within their duty as supervisors. Leyva vs. Aristud, 93 JTS 5, at page 10305. The Supreme Court of Puerto Rico quotes Gutiérrez-Rodríguez v. Catagena, 882 F. 2d 553 (1 er Circ. 1989); Lipsett v. University of Puerto Rico, 864 F .2d 881, 901-902 (1er Circ. 1988). At page 10306, the Honorable Supreme Court of Puerto Rico, states that in order that a supervisor be liable, one has to establish that defendants acted reckless or with callous indifference. The Honorable Supreme Court continues stating at page 10311, footnote 6, that the duty to supervise is triggered

18

by proof of, absent supervision, that harm was highly likely, given the circumstances of the case. When the inaction in the face of a substantial threat of harm is shown, it can be said that the supervisor acquiesced in the resulting of a constitutional violation.

Mr. Emilio Castillo had the duty to provide and/or supervise that sufficient correctional officers and vehicles were available to transport inmates to outside consultations in order to receive medical attention. Also he had the duty to provide and/or supervise that sufficient correctional officers were provided to transport inmates to the medical area within the institutions. Order dated 28, 1992, in Carlos Morales Feliciano vs. Rafael Hernandez Colón, Civil No. 79-4(PG).

Mr. Emilio Castillo had the duty to provide and/or supervise to ensure that inmates have immediate access to correctional officers in the event of a health care emergency. Order dated 28, 1992, in Carlos Morales Feliciano vs. Rafael Hernandez Colón, Civil No. 79-4(PG). This was part of co-defendant scope and/or course of their employment.

Mr. Emilio Castillo had the duty to provide and/or supervise that sufficient correctional officers and vehicles were available to transport inmates to outside consultations. Order dated 28, 1992, in Carlos Morales Feliciano vs. Rafael Hernandez Colón, Civil No. 79-4(PG).

Mr. Emilio Castillo had the duty to provide and/or supervise that the mutual responsibilities for the delivery of health care by the two agencies that were developed jointly by the Secretary of Health and the Administrator of Corrections and submitted to the Court, were provided to the inmates. They had the mutual responsibilities for development, construction, renovation and designation of space for medical care and service, including the coordination of medical and mutual responsibilities for classifications and housing of prisoners with medical and surgical problems, equipment, transportation and movement of inmates for medical care, payment for prostheses and medical apparatuses, (e.g., walkers, crutches and braces).

An implicit authorization, approval or knowingly acquiesced in unconstitutional conduct of offending officers makes liable a prison official. Hicks v. Frey, 992 F.2d 1450(6th Cir. 1993). Mr. Emilio Castillo are liable because he breached this duty.

Estelle v. Gamble, 97 S.Ct.285, 291(1976); states that prison guards can manifest the deliberate indifference by delaying access to medical care. Mr. Emilio Castillo breached this duty.

Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576(1st Cir. 1994); **even if a supervisor lacks actual knowledge of censurable conduct, he may be liable for the foreseeable consequences of such conduct if he had have known of it but for his deliberate**

20

**indifference or willful blindes, and if he had the power and authority to alleviate it**. Mr. Emilio Castillo is liable because they could have of known it. Also, supervisors are liable if there is known history of widespread abuse sufficient to alert a supervisor to ongoing violations. Maldonado-Denis vs. Castillo-Rodríguez, supra, 582. Co-defendants failed to take measures in order to prevent Orlando Ocasio Alsina's damages.

**Gross negligence can signify deliberate indifference and as a basis for supervisory liability**. Maldonado-Denis v. Castillo-Rodríguez, supra, page 582.

None of the co-defendants may claim qualified immunity because inter alia, they knew that their acts or inaction and acquiescence to the civil rights violations brought them within the scope of section 1983. Concerning several of the co-defendants, their acts and/or omissions set in motion a series or chain of acts by others which they knew or should have known, would cause the correctional's police officers, correctional's employee, correctional's supervisors, Correctional Health Program's supervisors, and Correctional Health Program's doctors to inflict injuries upon others. Co-defendants are liable and qualify immunity do not protect them because they breach a clearly establish law (See all the theory and facts addressed by the plaintiffs in this document). See Harlow v. Fitzgerald, 457 U.S. 800 (1982) and Crawford-El v. Britton, 118 S.Ct. 1584

(1998). **In order to establish the element of the constitutional violation actionable through § 1983: "For example, in Eighth Amendment claims involving the denial of medical care were deliberately indifferent to their serious medical needs. Steinglass, Steven A., Litigation in State Courts, St. Paul, Mn., West Group, 1999, pag. 15-46.** Plaintiffs hereby deny good faith.

Plaintiffs are also claiming supplemental jurisdiction, Baicker-Mckee, Jansssen & Corr, Federal Civil rules Handbook, supra, page 42 states that the supplemental jurisdiction authorized by Congress at 28 U.S.C.A. § 1367, is the means by which parties may add state law counts in federal case, even, through the state law counts not have been brought by themselves because they cannot satisfy the requirements of either federal question or diversity jurisdiction. Plaintiffs are claiming and have a cause of action pursuant U.S.C.A. § 1983 and the Eight, Fifth and Fourteen Amendment of the Constitution of the United States, which allows the appearing to have a cause of action under supplement jurisdiction.

Defendants were liable to plaintiffs pursuant to Ramírez Salcedo v. Estado Libre Asociado, 96 JTS 41, at page 868; states that it is natural and evident that who assumes the custody of a citizen, also he assumes the duty for the security of the person under his custody up to the point to which he cannot take care of himself. The Honorable Supreme Court of Puerto Rico recognizes a

**special duty of care between the government and the citizens that are under the custody of their employees, imposing a duty to the first to take measures to counteract the vulnerability of the person under custody. The vulnerability originates from government employees' acts. The breach of this legal duty and the indifference by the defendants was one of the adequate causes of plaintiffs' damages.**

Furthermore, plaintiffs do not have to exhaust administrative remedies pursuant to 42 U.S.C.A. 1997 e. The Honorable Supreme Court of the United States in Robinson v. Shell Oil Co., 117 S.Ct. 843, 846(1997); that the plainness or ambiguity of statutory **language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute** as a whole. Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 477, 112 S.Ct. 2589, 2589, 2589, 2594-2595, 120 L.Ed.2d 379 (1992); McCarhty v. Bronson, 500 U.S. 136, 139, 111 S.Ct. 1737, 1740, 114 L. Ed.2d 194(1991). 42 U.S.C.A. § 1997 e (a); states that no action shall be brought regarding prison conditions under section 1983 of this title, or any other Federal Law, **by a prisoner confined** in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. This statute does not apply to this case because Orlando Ocasio Alsina is not confined; he is dead at the time of the filing of the

case. He was not a prisoner. 42 U.S.C.A. 1997 e (h); states that as used in this section, the term "prisoner" means **any person incarcerated or detained in any facility**............... **Orlando Ocasio Alsina is not or when the case was filed incarcerated or detained, reason why 42 U.S.C.A. 1997 e does not apply. See Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998)** Furthermore, who filed the case was not Orlando Ocasio Alsina, it was María Alsina Ortiz as an inheritor and/or the Estate of Mr. Orlando Ocasio Alsina, reason why who filed the case was not a prisoner confined. The Honorable Court in **Kerr v. Puckett, supra, 323; states:**

> **"The statutory language does not leave wringle room; out on parole is not a 'person incarcerated or detained in any facility who is adjudicated delinquent in any facility who is.........adjudicated delinquent for, violations of............. the terms and conditions of parole'. Most sections of the PLRA use the term 'prisoner', and we held in Robbins v. Swetzer, 104 F .3d 895 (7th Cir. 1997), that in 28 U.S.C. § 1915(b) this term does not comprehend a felon who has been released. § 1997 e (h) shows that the same reading is right for § 1997 e (h) shows that the same reading is right for § 1997 e."**

**See also, Geig v. Goord, 169 F.3d 165 (2nd Cir. 1999); here, we hold that litigants-like Greig- who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a). Also, see Patsy vs. Florida Board of Regents, 457 102 S.Ct. 2557.**

Plaintiffs demand a trial by Jury.

## VI. STATEMENT OF ALL MATERIAL UNCONTESTED FACTS:

### A. PLAINTIFFS' STATEMENT OF ALL MATERIAL UNCONTESTED FACTS:

1. Mr. Emilio Castillo is married to Ms. Mercedes Rosado and was married to her at the time of November 8, 1997 incident.

## VII. STATEMENT OF THE CONTESTED MATERIAL FACTS:

### A. PLAINTIFFS' STATEMENT OF THE CONTESTED MATERIAL FACTS:

1. If defendants are liable for Plaintiffs' damages, that started when Orlando Ocasio Alsina received a head injury on November 8, 1997.

2. Defendants' acts or omissions were reckless, callous disregard and/or deliberate indifference, when they knew or should of known of Mr. Orlando Ocasio Alsina's serious medical needs.

3. If defendants are liable to the plaintiffs for deliberate indifference, because they should have known of Orlando Ocasio Alsina's serious medical needs, because he lack of the adequate, essential and/or necessary medical attention during weeks and/or months for his serious medical needs.

4.  If defendants were liable to the plaintiffs for delaying access of essential, adequate and/or necessary medical attention to Orlando Ocasio Alsina, being the nexus, proximate and/or an adequate cause of Orlando Ocasio Alsina's death.

5.  If defendants were liable to the plaintiffs for not providing a wheelchair since and when Orlando Ocasio Alsina needed it, breaching his civil rights, not giving him the essential, adequate and/or necessary medical attention, being one of the nexus, one of the proximate or an adequate causes of Orlando Ocasio Alsina's death and/or damages.

6.  If defendants knew or should have known that Orlando Ocasio Alsina was not being provided serious medical needs.

7.  If Orlando Ocasio Alsina was not given the necessary, adequate, and/or essential medical attention for his serious head injury on November 8, 1997 caused and/or accelerated his death.

8.  If Orlando Ocasio Alsina was not given the necessary, adequate, and/or essential medical attention for his serious head injury, HIV condition, AIDS condition and Toxoplasmosis condition prior, on and after November 8, 1997, caused and/or accelerated his death.

9.  If defendants were liable for the delay of access of d necessary medical attention, when persons left and/or notified messages regarding Mr. Orlando Ocasio Alsina's medical complaint,

which constituted knowledge and notification (state of mind) of his serious medical needs, and due to their inaction, acts and/or omissions, pursuant to 42 U.S.C. 1983.

10.  If prisoners, Mr4. Ocasio Alsina and family members of Orlando Ocasio Alsina directly talked to and/or left messages to the defendants regarding of the serious medical needs of Orlando Ocasio Alsina, given them knowledge or they should have known of those needs.

11.  If defendants did not comply with their duties with good faith because they knew or should have known of plaintiffs' serious medical needs and they failed to take the necessary measures to protect Orlando Ocasio Alsina and provide him of adequate, necessary and/or essential medical attention.

12.  If defendants are liable for punitive damages to the plaintiffs.

VIII.    STATEMENT OF THE CONTESTED ISSUES OF LAW

A.    PLAINTIFFS' STATEMENT OF THE CONTESTED ISSUES OF LAW

1.    If defendants are liable pursuant to Article 1802 and 1803 of the Civil Code of Puerto Rico because they breached the special duty of care required to the government (plaintiffs

alleges that it includes employees) regarding the citizens that are under the custody of their employees, imposing a duty to take measures to counteract the vulnerability of the person under custody.

2.  If defendants have a cause of action pursuant to 42 U.S.C.A. § 1983, the Eighth, Fifth and Fourteen Amendment of the Constitution of the United States.

3.  If defendants acts and/or omissions were with deliberate indifference, because they knew or should of known of plaintiffs' serious medical needs.

4.  If plaintiffs can prove through the use of circumstantial evidence the fact that the defendants had knowledge of the plaintiffs' serious medical needs, making them liable for their acts and/or omissions because they constituted deliberate indifference.

5.  If defendants are liable due to their inaction in the face of a substantial threat of harm, that is shown, reason why they are liable as supervisor because they acquiesced, resulting in the constitutional violation of plaintiffs' rights.

6   If defendants were liable due to their personal involvement(for their own acts or omissions) after the prisoners and/or a family member brought to the attention the serious medical needs to the prison and medical authorities.

7.   If defendants were liable due to the fact that they had to alleviate the conditions that led to the breached of his civil rights, this was the nexus, adequate, and proximate cause of the breached of plaintiffs' civil rights and death.

8.   If defendants were liable due to the failure of prison officials to permit the inmate to see a physician (ie: a neurosurgeon) and/or provide him a wheelchair after three or more days have lapsed since the head injury.

9.   If defendants were liable for cruel and unusual punishment were medical assistance was not available within a reasonable time, this was the nexus, adequate, and proximate cause of the breached of plaintiffs' civil rights and death.

10.   If defendants deprived plaintiffs the access to medical care, this was the nexus, adequate, and proximate cause of the breached of plaintiffs' civil rights and death.

11.   If defendants deprived plaintiffs of his substantive due process of life, this was the nexus, adequate, and proximate cause of the breached of plaintiffs' civil rights and death.

12.   If defendants lack of immunity because their acts were with deliberate inference because they knew and/or should have known of plaintiffs' serious medical needs and they did not took the necessary measures to provide him adequate, necessary and/or essential medical attention.

**IX.  A STATEMENT OF ANY OTHER ISSUES OF FACT AND LAW DEEMED TO BE MATERIAL, BUT WHICH THE OTHER PARTY OR PARTIES DEEM IMMATERIAL:**

**A.  PLAINTIFFS' STATEMENT OF ANY OTHER ISSUES OF FACT AND LAW DEEMED TO BE MATERIAL, BUT WHICH THE OTHER PARTY OR PARTIES DEEM IMMATERIAL:**

1.  If Mr. Orlando Ocasio Alsina did not have the mental capacity and/or capacity to refuse to receive medical attention.

2.  If Mr. Orlando Ocasio Alsina never gave inform consent to refuse treatment or medical attention.

**X.  EACH PARTY'S LIST OF DEPOSITIONS**

**A.  PLAINTIFFS' LIST OF DEPOSITIONS**

1.  Mr. Felix Ramos Moulier's deposition. Regarding the statements in the deposition at the following page 7 lines 2-20; page 12 lines 4-10; page 37 lines 17-20; page 50 lines 7-24 to page 51 lines 1-19; page 5 lines 17-23; page 41 lines 14-18; page 4 lines 4-24 to page 5 lines 1-15 will be used as substantive evidence according to the Federal Rules of Evidence and Civil Procedure.

2.  Ms. María Alsina Ortiz's deposition. Regarding the statements in the deposition at the following page 41 lines 21-23; page 47 lines 12-13; page 67 lines 5-16 will be used as substantive evidence according to the Federal Rules of Evidence and Civil Procedure.

3.  Mr. Eric Ariel Diaz Davila 's deposition. Regarding the statements in the deposition at the following pages 5 lines 13-24; page 7 lines 3-10; page 9 lines 21-24; page 10 lines 8-24 to page 11 lines 1-11; page 12 lines 1-3; page 14 lines 16-19; page 22 lines 2-9; page 24 lines 17-22; and page 27 lines 9-20 be used as substantive evidence according to the Federal Rules of Evidence and Civil Procedure.

4.  Ms. María Esther Ocasio Alsina's deposition. Regarding the statements in the deposition at the following page 40 lines 3-22                      will be used as substantive evidence according to the Federal Rules of Evidence and Civil Procedure.

5.  Ms. Gladys Ocasio Alsina's deposition. Regarding the statements in the deposition at the following page 16 lines 1-14 will be used as substantive evidence according to the Federal Rules of Evidence and Civil Procedure.

6.  Ms. María S. Conte Miller's deposition. Regarding the statements in the deposition at the following pages 27 lines 8-16, and 29 lines 4-19 will be used as substantive evidence

according to the Federal Rules of Evidence and Civil Procedure.

7.  Dr. Víctor Llado's deposition. Regarding the statements in the deposition; all the pages of the deposition will be used as substantive evidence according to the Federal Rules of Evidence and Civil Procedure.

8.  Raul Marcial Rojas' deposition. Regarding the statements in the deposition; all the pages of the deposition will be used as substantive evidence according to the Federal Rules of Evidence and Civil Procedure.

Plaintiffs reserve their right to use the deposition transcripts for rebuttal and impeachment purposes to the Federal Rules of Civil Procedure and Evidence. Also, for just cause plaintiffs reserve their right to add other portions of the transcripts of the depositions.

**XI.  WITNESS LIST:**


**A.    PLAINTIFFS' WITNESS LIST:**


a.          Felix A. Ramos Moulier
            Penitenciaria Estatal de Río Piedras
            Complejo Correctional de RP
            Box 21380
            Río Piedras, P.R.  00960
            Calle 21 AA 29
            Jardines de Palmarejo
            Barrio San Isidro
            Canovanas, P.R.  00729

Tel. 256-0556
He will testify regarding facts that will
establish defendants' deliberate indifference,
callous disregard, recklessness, direct statements
he made to Emilio Castillo about Orlando Ocasio
Alsina; knowledge of Emilio Castillo when he saw
and talked to Orlando Ocasio Alsina about his
needs and physical condition, facts addressed in
his deposition, and other matters (such as
knowledge of defendants or that they should have
known of Orlando Ocasio Alsina's medical needs).
Facts that establish that Emilio Castillo was a
correctional officer, that at the time of the
facts he was working in the scope and course of
his employment within the state agency. Also, he
will testify regarding plaintiff's damages.
Furthermore, he will testify regarding the
authenticity and admissibility of documents. Needs
an interpreter.


b.    Nathaniel Mojica Reyes
      Carcel Regional de Guayama
      Colonia Los Dolores
      Carr. # 3
      Interior 7710
      Guayama, P.R.
      He will testify regarding facts that will
      establish defendants' deliberate indifference,
      callous disregard, recklessness, direct statements
      he made to Emilio Castillo about Orlando Ocasio
      Alsina; knowledge of Emilio Castillo when he saw
      and talked to Orlando Ocasio Alsina about his
      needs and physical condition, and other matters
      (such as knowledge of defendants or that they
      should have known of Orlando Ocasio Alsina's
      medical needs). Facts that establish that Emilio
      Castillo was a correctional officer, that at the
      time of the facts he was working in the scope and
      course of his employment within the state agency.
      Also, he will testify regarding plaintiff's
      damages. Furthermore, he will testify regarding
      the authenticity and admissibility of documents.
      Needs an interpreter.


c.    Javier Del Valle Llopiz

Hogar Adaptación Social de Carolina
Calle Amadeous # 8 Altos
Carolina, P.R.  00985
He will testify regarding facts that will
establish defendants' deliberate indifference,
callous disregard, recklessness, direct
statements he made to Emilio Castillo about
Orlando Ocasio Alsina; knowledge of Emilio
Castillo when he saw and talked to Orlando Ocasio
Alsina about his needs and physical condition,
and other matters (such as knowledge of defendants
or that they should have known of Orlando Ocasio
Alsina's medical needs). Facts that establish that
Emilio Castillo was a correctional officer, that
at the time of the facts he was working in the
scope and course of his employment within the
state agency. Also, he will testify regarding
plaintiff's damages. Furthermore, he will testify
regarding the authenticity and admissibility of
documents. Needs an interpreter.

d.   Gilberto Rivera Rodríguez
Hogar Adaptación Social de Río Piedras
Calle Norte #64
Río Piedras, P.R.  00925
He will testify regarding facts that will
establish defendants' deliberate indifference,
callous disregard, recklessness, direct statements
he made to Emilio Castillo about Orlando Ocasio
Alsina; knowledge of Emilio Castillo when he saw
and talked to Orlando Ocasio Alsina about his
needs and physical condition,  and other matters
(such as knowledge of defendants that or they
should have known of Orlando Ocasio Alsina's
medical needs). Also, he will testify regarding
plaintiff's damages. Facts that establish that
Emilio Castillo was a correctional officer, that
at the time of the facts he was working in the
scope and course of his employment within the
state agency. Furthermore, he will testify
regarding the authenticity and admissibility of
documents. Needs an interpreter.

e.   Erick Diaz Davila
Hogar de Adaptación Social de Río Piedras

Calle Norte #64
Río Piedras, P.R.  00925
He will testify regarding facts that will
establish defendants' deliberate indifference,
callous disregard, direct statements he made to
Emilio Castillo about Orlando Ocasio Alsina;
knowledge of Emilio Castillo when he saw and
talked to Orlando Ocasio Alsina about his needs
and physical condition, recklessness and other
matters (such as knowledge of defendants or that
they should have known of Orlando Ocasio Alsina's
medical needs). Facts that establish that Emilio
Castillo was a correctional officer, that at the
time of the facts he was working in the scope and
course of his employment within the state agency.
Also, he will testify regarding plaintiff's
damages. Furthermore, he will testify regarding
the authenticity and admissibility of documents.
Needs an interpreter.


f.    Luis López Negrón
      Wackenhut PR, Inc.
      Calle Final #28
      Barrio Juan Sánchez, Centro Industrial Luchetti
      Bayamón, P.R.  00961
      He will testify regarding facts that will
      establish defendants' deliberate indifference,
      direct statements he made to Emilio Castillo about
      Orlando Ocasio Alsina; knowledge of Emilio
      Castillo when he saw and talked to Orlando Ocasio
      Alsina about his needs and physical condition,
      callous disregard, recklessness and other
      matters (such as knowledge of defendants or that
      they should have known of Orlando Ocasio Alsina's
      medical needs). Facts that establish that Emilio
      Castillo was a correctional officer, that at the
      time of the facts he was working in the scope and
      course of his employment within the state agency.
      Also, he will testify regarding plaintiff's
      damages. Furthermore, he will testify regarding
      the authenticity and admissibility of documents.
      Needs an interpreter.


g.    Carmelo Román Hernández
      Hogar de Adaptación Social de Carolina

Calle Amadeos # 8 Altos
Carolina, P.R.  00985
He will testify regarding facts that will
establish defendants' deliberate indifference,
direct statements he made to Emilio Castillo about
Orlando Ocasio Alsina; knowledge of Emilio
Castillo when he saw and talked to Orlando Ocasio
Alsina about his needs and physical condition,
callous disregard, recklessness and other matters
(such as knowledge of defendants or that they
should have known of Orlando Ocasio Alsina's
medical needs). Facts that establish that Emilio
Castillo was a correctional officer, that at the
time of the facts he was working in the scope and
course of his employment within the state agency.
Also, he will testify regarding plaintiff's
damages. Furthermore, he will testify regarding
the authenticity and admissibility of documents.
Needs an interpreter.


h.   Wilson García Cueva
     Hogar de Adaptación Social de Humacao
     Ave. Roosevelt # 5
     Humacao, P.R.  00791
     He will testify regarding facts that will
     establish defendants' deliberate indifference,
     direct statements he made to Emilio Castillo about
     Orlando Ocasio Alsina; knowledge of Emilio
     Castillo when he saw and talked to Orlando Ocasio
     Alsina about his needs and physical condition,
     callous disregard, recklessness and other
     matters (such as knowledge of defendants or that
     they should have known of Orlando Ocasio Alsina's
     medical needs). Facts that establish that Emilio
     Castillo was a correctional officer, that at the
     time of the facts he was working in the scope and
     course of his employment within the state agency.
     Also, he will testify regarding plaintiff's
     damages. Furthermore, he will testify regarding
     the authenticity and admissibility of documents.
     Needs an interpreter.


I.   Edwin Rivera
     Carcel Regional de Bayamón
     Detrás de la Comandancia Norte de Bayamón

Carr. # 5
Bayamón, P.R.
He will testify regarding facts that will
establish defendants' deliberate indifference,
callous disregard, direct statements he made to
Emilio Castillo about Orlando Ocasio Alsina;
knowledge of Emilio Castillo when he saw and
talked to Orlando Ocasio Alsina about his needs
and physical condition, recklessness and other
matters (such as knowledge of defendants or that
they should have known of Orlando Ocasio Alsina's
medical needs). Facts that establish that Emilio
Castillo was a correctional officer, that at the
time of the facts he was working in the scope and
course of his employment within the state agency.
Also, he will testify regarding plaintiff's
damages. Furthermore, he will testify regarding
the authenticity and admissibility of documents.
Needs an interpreter.


j.    Edwin Meléndez Meléndez
      Carcel Regional de Bayamón
      Detrás de la Comandancia Norte de Bayamón
      Carr. # 5
      Bayamón, P.R.
      He will testify regarding facts that will
establish defendants' deliberate indifference,
callous disregard, direct statements he made to
Emilio Castillo about Orlando Ocasio Alsina;
knowledge of Emilio Castillo when he saw and
talked to Orlando Ocasio Alsina about his needs
and physical condition, recklessness and other
matters (such as knowledge of defendants or that
they should have known of Orlando Ocasio Alsina's
medical needs). Facts that establish that Emilio
Castillo was a correctional officer, that at the
time of the facts he was working in the scope and
course of his employment within the state agency.
Also, he will testify regarding plaintiff's
damages. Furthermore, he will testify regarding
the authenticity and admissibility of documents.
Needs an interpreter.


k.    Javier Rodríguez Torred
      Hogar de Adaptación Social de Carolina

37

Calle Amadeous # 8 Altos
Carolina, P.R.
He will testify regarding facts that will
establish defendants' deliberate indifference,
callous disregard, recklessness, direct
statements he made to Emilio Castillo about
Orlando Ocasio Alsina; knowledge of Emilio
Castillo when he saw and talked to Orlando Ocasio
Alsina about his needs and physical condition,
and other matters (such as knowledge of defendants
or that they should have known of Orlando Ocasio
Alsina's medical needs). Facts that establish that
Emilio Castillo was a correctional officer, that
at the time of the facts he was working in the
scope and course of his employment within the
state agency. Also, he will testify regarding
plaintiff's damages. Furthermore, he will testify
regarding the authenticity and admissibility of
documents. Needs an interpreter.


l.   María Alsina Ortiz
     C K 20  Reparto Montellano
     Caguas, P.R.  00736
     Tel. 263-4683
     She will testify regarding facts that will
     establish defendants' deliberate indifference,
     callous disregard, direct statements he made to
     Emilio Castillo about Orlando Ocasio Alsina;
     knowledge of Emilio Castillo when he saw and
     talked to Orlando Ocasio Alsina about his needs
     and physical condition, recklessness and other
     matters (such as knowledge of defendants or that
     they should have known of Orlando Ocasio Alsina's
     medical needs). Facts that establish that Emilio
     Castillo was a correctional officer, that at the
     time of the facts he was working in the scope and
     course of his employment within the state agency.
     Also, she will testify regarding plaintiff's
     damages. Furthermore, she will testify regarding
     the authenticity and admissibility of documents.
     Needs an interpreter.


m.   María E. Ocasio Alsina
     C K 20  Reparto Montellano
     Caguas, P.R.  00736

Tel. 263-2046
She will testify regarding facts that will
establish defendants' deliberate indifference,
callous disregard, recklessness, direct statements
he made to Emilio Castillo about Orlando Ocasio
Alsina; knowledge the physical condition and needs
of Emilio Castillo when he saw Orlando Ocasio
Alsina, and other matters (such as knowledge of
defendants or that they should have known of
Orlando Ocasio Alsina's medical needs). Facts that
establish that Emilio Castillo was a correctional
officer, that at the time of the facts he was
working in the scope and course of his employment
within the state agency. Also, she will testify
regarding plaintiff's damages. Furthermore, she
will testify regarding the authenticity and
admissibility of documents. Needs an interpreter.


n.   Gladys Ocasio Alsina
     Calle 11 P 8 Villa Castro
     Caguas, P.R.  00725
     Tel. 258-2162
     She will testify regarding facts that will
     establish defendants' deliberate indifference,
     callous disregard, knowledge the physical condition and
     needs of Emilio Castillo when he saw Orlando Ocasio
     Alsina, recklessness and other matters (such as
     knowledge of defendants or that they should have
     known of Orlando Ocasio Alsina's medical needs).
     Facts that establish that Emilio Castillo was a
     correctional officer, that at the time of the
     facts he was working in the scope and course of
     his employment within the state agency. Also, she
     will testify regarding plaintiff's damages.
     Furthermore, facts addressed in her deposition,
     she will testify regarding the authenticity and
     admissibility of documents. Needs an interpreter.


o.   Juan Alsina Ortiz
     Carr. #1 km. 0.5 Sector Pepe Hoyos
     Sector Montellanos
     Cayey, P.R. 00736
     He will testify regarding facts that will
     establish defendants' deliberate indifference,
     callous disregard, recklessness, knowledge the

physical condition and needs of Emilio Castillo when he saw Orlando Ocasio Alsina, and other matters (such as knowledge of defendants or that they should have known of Orlando Ocasio Alsina's medical needs). Also, he will testify regarding plaintiff's damages. Facts that establish that Emilio Castillo was a correctional officer, that at the time of the facts he was working in the scope and course of his employment within the state agency. Furthermore, he will testify regarding the authenticity and admissibility of documents. Needs an interpreter.

p.    Antonio Carattini Laboy
      C K 20  Reparto Montellano
      Caguas, P.R.  00736
      Tel. 263-2046
      He will testify regarding facts that will establish defendants' deliberate indifference, callous disregard, recklessness and other matters (such as knowledge of defendants or that they should have known of Orlando Ocasio Alsina's medical needs). Also, he will testify regarding plaintiff's damages. Furthermore, he will testify regarding the authenticity and admissibility of documents. Needs an interpreter.

q.    Ms. María Virgen Burgos
      Carr. #1 km. 0.5 Sector Pepe Hoyos
      Sector Montellanos
      Cayey, P.R. 00736
      She will testify regarding facts that will establish defendants' deliberate indifference, callous disregard, recklessness and other matters (such as knowledge of defendants or that they should have known of Orlando Ocasio Alsina's medical needs). Also, she will testify regarding plaintiff's damages. Furthermore, she will testify regarding the authenticity and admissibility of documents. Needs an interpreter.

r.    Dra. María S. Conte, pathologist
      Call Box 11878
      Caparra Heights Station
      San Juan, P.R.  00922-1878

Tel. 765-0615
She will testify regarding the forensic expert
report prepared by her regarding Mr. Orlando
Ocasio Alsina. Furthermore, she will testify
regarding the authenticity and admissibility of
documents.

s.   Custodian of record from Health Correctional
     Service Program.
     Ave. Eleanor Roosevelt 232
     Hato Rey, P.R. 00936
     He will testify regarding the authenticity and
     admissibility of the medical record of Mr. Orlando
     Ocasio Alsina at the Health Correctional Service
                    Program. Needs an interpreter.

t.   Ms. Mercedes Rosado, hostil witnesses
     Villa Josco # P-388, Buzón #9541
     Toa Alta, P.R.
     She will testify that she is married to Emilio
     Castillo.

u.   Plaintiffs reserve their right to notify further

     witnesses and/or the use defendants as hostil

     witnesses.


## XII. EACH PARTY'S EXPERT WITNESSES


### A.   PLAINTIFFS' EXPERT WITNESSES:


a.   Víctor J. Llado, M.D.
     374 Lamar Street
     Hato Rey, PR  00918
     He will testify regarding Mr. Orlando Ocasio
     Alsina's damages, the adequate or proximate cause

of the damages of Mr. Orlando Ocasio Alsina, lack of
medical attention to Orlando Ocasio Alsina, areas
covered in his expert report, his qualifications,
authenticity of documents admissibility of documents,
and other areas. He has a forensic psychiatric
training. For his qualifications, see his curriculum
vitae and deposition.

b.      Dr. Farhat Mahjouri Sabat, Neurological Surgery
        La Torre de Plaza, Suite 614, 6th Floor
        525 F.D. Roosevelt Ave.
        San Juan, P.R.  00918
        Tel. 1-787-753-7440
        He will establish defendants' deliberate indifference,
        callous disregard and/or recklessness. He will testify
        regarding  the  medical  attention,  equipment,  and
        services  that  Mr.  Orlando  Ocasio  Alsina  should  have
        been  provided.  Also,  he  will  establish  the  adequate
        and/or  proximate  cause  of  plaintiffs'  damages.
        Furthermore,  he  will  testify  regarding  his  expert
        report,  his  qualifications,  his  curriculum  vitae,
        authenticity  of  documents  and  admissibility  of
        documents.  His  areas  of  expertise  are  neurological
        conditions,  he  has  treated  prisoners  in  Puerto  Rico  and
        California,  and  other  in  other  areas.

c.      Dr. Raul Marcial Rojas, patólogo
        Condominio Madrid-Suite 201
        Calle Loiza 1760
        San Juan, P.R.  00911-9222
        Tel. 1-787-753-5336
        He will testify regarding Mr. Orlando Ocasio Alsina's
        damages. Also, he will testify regarding the cause of
        the death of Mr. Orlando Ocasio Alsina, the adequate or
        proximate cause of death of Mr. Orlando Ocasio Alsina,
        areas covered in his expert report, his qualifications,
        authenticity of document, admissibility of documents,
        and other areas. He is a forensic pathologist.

## XIII. EACH PARTY'S STATEMENT SETTING FORTH THE QUALIFICATIONS OF THE EXPERT WITNESSES

**A.    PLAINTIFFS' STATEMENT SETTING FORTH THE QUALIFICATIONS OF THE EXPERT WITNESSES**

Experts are qualified to cover the areas covered within their expert reports, curriculum vitae and their deposition. Also, see section XII, A. PLAINTIFFS' EXPERT WITNESSES.

**XIV. EACH PARTY'S STATEMENT AS TO CLAIMS OR DEFENSES WHICH ARE CONSIDERED TO BE WAIVED OR ABANDONED**

**A.    PLAINTIFFS' STATEMENT AS TO CLAIMS OR DEFENSES WHICH ARE CONSIDERED TO BE WAIVED OR ABANDONED**

What ever is not included in this proposed pretrial order in plaintiffs' part.

**XV.    EACH PARTY'S LIST OF ALL PENDING MOTIONS**

**A.    PLAINTIFFS' LIST OF ALL PENDING MOTIONS**

1.    Plaintiffs reserve their right to file motion(s) to quash and/or motion(s) in limine regarding defendants' witnesses, expert witnesses and/or documentary evidence.

## XVI.  ITEMIZED STATEMENT OF SPECIAL DAMAGES

### A.    PLAINTIFFS' ITEMIZED STATEMENT OF SPECIAL DAMAGES

1.    The burial damages stated within plaintiffs' factual version of the case in this document.

2.    The loss of enjoyment, love, affection, care, companionship stated within plaintiffs' factual version of the case in this document.

3.    Other damages claimed by the plaintiffs were physical injuries and/or pain, suffering and mental anguish suffered during does six months, since November, 1997 to May 1998 stated within plaintiffs' factual version of the case in this document.

4.    The punitive damages stated within plaintiffs' factual version of the case in this document.

## XVII.    EACH PARTY'S NEED FOR INTERPRETER

### A.    PLAINTIFFS' NEED FOR INTERPRETER

Plaintiffs will need an interpreter for the following witnesses:

1.    Mr. Felix Ramos Moulier

2.    Mr. Nathaniel Mojica Reyes

3.   Javier Del Valle Llopiz

4.   Gilberto Rivera Rodríguez

5.   Luis López Negrón

6.   Carmelo Román Hernández

7.   Wilson García Cueva

8.   Edwin Rivera

9.   Edwin Meléndez

10.  Javier Rodríguez Torred

11.  Ms. María Alsina Ortiz

12.  Mr. Eric Ariel Díaz Davila

13.  Mr. María Esther Ocasio Alsina

14.  Ms. María Virgen Burgos

15.  Ms. Gladys Ocasio Alsina

16.  Ms. Antonio Caratini

17.  Mr. Juan Alsina Ortiz

18.  Mercedes Rosado

19.  Custodian of Records

20.  Plaintiffs reserve their right to add other names to this list.


**XVIII.    EACH PARTY LIST OF TECHNICAL WORDS AND PHRASES**


    **A.    PLAINTIFFS' LIST OF TECHNICAL WORDS AND PHRASES**

None at the present time, but the appearing party reserve their right to notify a list later on.


## XIX. DOCUMENTARY EVIDENCE


### PLAINTIFFS' LIST OF EVIDENCE:


1.  Document dated January 13, 1998, and subscribed by Felix A. Ramos Mourlier, Nathaniel Mojica Reyes, Javier Del Valle Llopiz, Gilberto Rivera Rodríguez, Erick Diaz Davila, Luis López Negrón, Carmelo Román Hernández, Wilson García Cueva, Edwin Riveras, Edwin Meléndez Meléndez and Javier Rodríguez Torred. (Plaintiffs' identification A).

2.  Record of the Health Department, Health Correctional Program Services regarding Mr. Orlando Ocasio Alsina. (Plaintiffs' identification B).

3.  Forensic Medical Report regarding Mr. Orlando Ocasio Alsina. (Plaintiffs' identification C).

4.  Document dated November 10, 1997, from Mr. Orlando Ocasio Alsina, in which he was requesting a wheelchair, entitled Request for Medical\Dental Services "Sick Call". (Plaintiffs' identification D).

5.  Document dated November 17, 1997, from Mr. Orlando
    Ocasio Alsina, in which he states that he feels very
    bad, his sight is very bad and half of his body is
    dead, entitled Commonwealth of Puerto Rico Health
    Correctional Program Infirmary Department. (Plaintiffs'
    identification E).

6.  Determination of the heirs of Orlando Ocasio Alsina,
    Superior Court of Puerto Rico, Cayey Part, Civil Núm.
    CD99-747. Plaintiffs will take judicial notice of this
    document at trial. (Plaintiffs' identification F)

7.  A picture of Mr. Orlando Ocasio Alsina. (Plaintiffs'
    identification G).

8.  Receipt number 766465, dated November 23, 1999 for the
    amount of $1,800.00. (Plaintiffs' identification H).

9.  Receipt number 310427, dated May 12, 1998 for the
    amount of $250.00. (Plaintiffs' identification I).

10. Receipt from the Funeral El Reposo, Inc. for the amount
    of $1,850.00 dated May 18, 1998. (Plaintiffs'
    identification J).

11. Transcript of deposition of Felix Ramos Moliet page 7
    lines 2-20; page 12 lines 4-10; page 37 lines 17-20;
    page 50 lines 7-24 to page 51 lines 1-19; page 5 lines
    17-23; page 41 lines 14-18; page 4 lines 4-24 to page 5

lines 1-15 and transcript of deposition of Erik Díaz Dávila page 5 lines 13-24; page 7 lines 3-10; page 9 lines 21-24; page 10 lines 8-24 to page 11 lines 1-11; page 12 lines 1-3; page 14 lines 16-19; page 22 lines 2-9; page 24 lines 17-22; and page 27 lines 9-20, it will be used if the declarant is unavailable at the trial to refresh the memory of the witnesses and as prior inconsistent statement. (Plaintiffs' identification K).

12. Summary of the hearing that took place on April 27, 1998, at the Superior Court, Caguas Part, criminal Number ESC97G0426. (Plaintiffs' identification L). Plaintiffs will take judicial notice the date of trial.

13. Resolution and Order from the Honorable Court, Caguas, Part, Criminal Number ESC97G-0426. (Plaintiffs' identification M). Plaintiffs will take judicial notice the date of trial.

14. Dr. Farhad Mahjouri's expert report. (Plaintiffs' identification N).

15. Dr. Víctor Llado's expert report. (Plaintiffs' identification P).

16. Dr. Víctor Llado's curriculum vitae. (Plaintiffs' identification Q.

17. Dr. Raul Marcial's expert report. (Plaintiffs' identification R).

18. Dr. Farhad Mahjouri's curriculum vitae. (Plaintiffs' identification S).

19. Dr. Raúl Marcial's curriculum vitae. (Plaintiffs' identification T).

20. Plaintiffs reserve its right to notify other documents as evidence, due to fact that they are trying to obtain them from co-defendants and third parties.

## XX. DISCOVERY

**Plaintiffs:**

Plaintiffs may use any deposition, answer to the interrogatory and answer to the request of production of documents in conformity with the <u>Federal Rules of Civil Procedure</u> and of <u>Evidence</u>.

## XXI. SETTLEMENT DISCUSSIONS:

**Plaintiffs:**

Plaintiffs' counsel is willing to enter in settlement conversations once defendants' attorney(s) are willing to call or some one communicates to plaintiffs' attorney.

**DEFENDANTS:**

On July 10, 2000 plaintiff made a settlement proffer which is under advisement.

**XXII. ESTIMATED TRIAL DAYS**

**A.   Plaintiffs:**

1 week of trial.

**B.   All Defendants Estimated Lenth of Trial:**
Seven (7)days.

**XXIII.       SUGGESTED DATE FOR TRIAL**

Trial could be scheduled as soon as possible.

**XXIII.    LIMITATIONS AND RESERVATIONS:**

**Plaintiffs:**

1.   Plaintiffs reserve their right to notify any other evidence, documents, witnesses and/or experts during the proceedings of this case, for good cause.
2.   Plaintiffs have demanded a jury trial.
3.   There is reserved to each of the parties the right to call such rebuttal witnesses and documents as may be necessary without prior notice thereof to the other party.

4.   Plaintiffs reserve their right to file motion(s) to quash and/or motion(s) in limine regarding defendants' witnesses, expert witnesses and/or documentary evidence.

5.   Plaintiffs will need interpreters.

### XVII. Other Matters

### A.   Plaintiff

1.   None.

**WHEREFORE,** the appearing party requests to the Honorable Court to accept this joint proposed order.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY:** I hereby certify that on 20 day of April, 2005 I electronically filed the foregoing with the Clerk of the Court, using CM/ECF system which will send notification of such filing: elfrickmendez@hayoo.com, elfrick@hotmail.com, cjmoralesb@hotamil.com, rrs@caribe.net, francisco.ojeda@usdoj.gov, antonia.velez@usdoj.gov, romanlaw@tld.net, mlopez@gslaw.net, masurillo@justicia.gobierno.pr, surmari@hayoo.com, joestades@justicia.gobierno.pr and I hereby certify that I have mailed the document to the following non CM/ECF participants: Jo-Ann Estades, Esq., Director, Federal Litigation Division, Department of Justice, P.O. Box 9020192, San Juan, PR 00902-0192; Irene S. Soroeta-Kodesh, Esq., Assistant Solicitor General,

Commonwealth of Puerto Rico, Department of Justice, Office of the Solicitor General, P.O. Box 9020192, San Juan, PR 0902-0192 and Quiñones & Sánchez, P.S.C., P.O. Box 71405, San Juan, PR 00936-8505.

At San Juan, Puerto Rico, 20 of April, 2005.

s/Glenn Carl James
Glenn Carl James, Esq.
USDC-PR 207,706
Attorney for Plaintiffs
JAMES LAW OFFICE
PMB 501
1353 Rd. 19
Guaynabo, PR 00966-2700
Tel.(787)763-2888
Fax:(787)763-2881
E-mail:
jameslawoffices@centennialpr.net
