```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO

MARIA ALSINA ORTIZ,              *    CIVIL NO. 98-1893 (JAG)
AND/OR THE ESTATE OF MR.         *
ORLANDO OCASIO ALSINA            *
COMPOSE OF MARIA ALSINA          *
ORTIZ                            *
                                 *
PLAINTIFFS                       *    PLAINTIFFS DEMAND TRIAL
                                 *
VS.                              *
                                 *    BY JURY
MS. ZOE LABOY IN HER PERSO-      *
NAL CAPACITY, DELFOS OCHOA       *
HIS PERSONAL CAPACITY AND        *
THE CONJUGAL PARTNERSHIP         *
OR COMMUNITY PROPERTY            *
CONSTITUTED BETWEEN ZOE          *
LABOY AND DELFOS OCHOA;          *
MR. SIXTO MARRERO IN HIS         *
PERSONAL CAPACITY, CANDIDA       *
ROSA ORTIZ ZAYAS                 *
IN HER PERSONAL CAPACITY,        *
AND THE COMMUNITY PROPERTY       *
OR CONJUGAL PARTNERSHIP          *
CONSTITUTED BETWEEN SIXTO        *
MARRERO AND CANDIDA ROSA         *
ORTIZ ZAYAS; MS. AIDA GUZMAN     *
IN HER PERSONAL CAPACITY,        *
BILL DOE IN HIS PERSONAL         *
CAPACITY AND THE CONJUGAL        *
PARTNERSHIP OR COMMUNITY         *
PROPERTY CONSTITUTED             *
BETWEEN MS. AIDA GUZMAN AND      *
BILL DOE; MR. EMILIO             *
CASTILLO IN HIS                  *
PERSONAL CAPACITY, MERCEDES      *
ROSADO IN HER PERSONAL           *
CAPACITY AND THE COMMUNITY       *
PROPERTY OR CONJUGAL             *
PARTNERSHIP CONSTITUTED          *
BETWEEN EMILIO CASTILLO AND      *
MERCEDES ROSADO AND MS.          *
MERCEDES ROSADO IN               *
REPRESENTATION OF EMILIO         *
CASTILLO; DOCTOR ILEANA          *
```

```
TORRES ARROYO IN HER            *
PERSONAL CAPACITY, JOE DOE      *
IN HIS PERSONAL CAPACITY,       *
AND THE COMMUNITY PROPERTY      *
OR CONJUGAL PARTNERSHIP         *
CONSTITUTED BETWEEN JOE DOE     *
AND DOCTOR ILEANA TORRES;       *
DOCTOR ERNESTO TORRES ARROYO    *
IN HIS PERSONAL CAPACITY,       *
OLGA I. MENDEZ FLORES IN        *
HER PERSONAL CAPACITY,          *
AND THE CONJUGAL PARTNERSHIP    *
OR COMMUNITY PROPERTY           *
CONSTITUTED BETWEEN DOCTOR      *
ERNESTO TORRES ARROYO AND       *
OLGA I. MENDEZ FLORES;          *
X, Y and Z INSURANCES           *
COMPANIES; DOCTOR ELLIOT        *
MELECIO VEGA IN HIS PERSONAL    *
CAPACITY, AMARILIS              *
AYALA MARTINEZ IN HER           *
PERSONAL CAPACITY, THE          *
CONJUGAL PARTNERSHIP OR         *
COMMUNITY PROPERTY              *
CONSTITUTED BETWEEN DOCTOR      *
ELLIOT MELECIO VEGA AND         *
AMARLIS AYALA MARTINEZ,         *
AND JAKE DOE                    *
                                *
DEFENDANTS                      *
                                *
* * * * * * * * * * * * * *
```

**PLAINTIFFS' PROPOSED VOIR DIRE**

**TO THE HONORABLE COURT:**

**COME NOW,** Plaintiffs through their undersigned attorney, and respectfully state and pray:

2

**PLAINTIFFS' PROPOSED VOIR DIRE, CHALLENGES FOR CAUSE**

1. If the juror cannot be impartial in rendering a verdict in this case. See United States v. Torres, 128 F.3d 38, 43(2d Cir. 1997).

2. If the juror would be bias in rendering a verdict in this case.

3. If the rendering a verdict in this case will cause hardship to the juror.

4. If the juror holds a particular **belief** that will prevent his or her performance in finding the facts impartially. United States v. Padilla-Mendoza, 157 F.3d 730, 732(9th Cir. 1998) citing Adams v Texas, 448 U.S. 412, 433(1980).

5. If the juror holds a particular **opinion** that will prevent his or her performance in finding the facts impartially. United States v. Padilla-Mendoza, 157 F.3d 730, 732(9th Cir. 1998) citing Adams v Texas, 448 U.S. 412, 433(1980).

6. If the juror holds that he or she is **unwilling** to follow the law.

7. If the juror holds that he or she is **unable** to follow the law.

8. If the juror is employed by a party to the action. (State the names of the parties when ask.)

9.   If the juror is employed by the Health Department of the Commonwealth of Puerto Rico.

10.  If the juror is employed by Correctional Health Services Program of the Health Department.

11.  If the juror is employed by Correctional Administration of the Commonwealth of Puerto Rico.

12.  If the juror has a financial interest in this case.

13.  If the juror has a financial interest with Health Department of the Commonwealth of Puerto Rico.

14.  If the juror has a financial interest with Correctional Administration of the Commonwealth of Puerto Rico.

15.  If the juror has a financial interest with Correctional Administration of the Commonwealth of Puerto Rico.

16.  If the juror has a financial interest with any party in this case. (State the names of the parties when ask.)

17.  If the juror is related to one of the parties. (State the names of the parties when ask.)

18.  If the juror has a close relationship to one of the **parties**. (State the names of the parties when ask.)

19.  If the juror has a close relationship to one of the **witnesses**. (State the names of the witnesses when ask.)

20.  If the juror has a close relationship to one of the **counsels**. (State the names of the counsels when ask.)

21. If the juror has a preconceived idea that will not allow him to render an impartial verdict in this case.

22. If the juror has material information about the facts of this case from any source.

23. If the juror cannot give a convincing assurance of impartiality.

24. If the juror cannot follow the judge's instructions on the law.

25. If the juror is unlikely to understand this case.

26. If the juror has been ever sue in a civil rights case regarding the delay of medical services to a person in prison.

27. If the juror is not a citizen. 28 U.S.C. § 1865(b)

28. If the juror has a financial interest with one of the attorneys in this case. (State the names of the attorneys).

29. If the juror holds that he or she will always give the correctional enforcement officer the benefit of the doubt no matter the evidence. United States v. Jones, 192 F.3d 1119, 1120(8th Cir. 1999).

30. If the juror holds that he or she will always give the correctional enforcement officer the benefit of the doubt no matter the evidence. United States v. Jones, 192 F.3d 1119, 1120(8th Cir. 1999).

31. If the juror holds that he or she will always give the **Correctional Health Services Program's employees or doctors** the benefit of the doubt no matter the evidence. United States v. Jones, 192 F.3d 1119, 1120(8th Cir. 1999).

32. If the juror holds that the average person would be prejudice in a civil rights related to a person that used to be in prison. United vs. Torres, 128 F.3d 38, 45(2d Cir. 1997).

33. If the juror holds that persons that were or are in prison have no credibility. United States vs. Torres, 128 F.3d 38, 44-45(2d Cir. 1997).

34. If the juror holds that a family members of a person that was in prison have no credibility. United States vs. Torres, 128 F.3d 38, 44-45(2d Cir. 1997).

35. If the juror holds that drug addicts have no credibility. United States vs. Torres, 128 F.3d 38, 44-45(2d Cir. 1997).

36. If the juror holds that drug dealers have no credibility. United States vs. Torres, 128 F.3d 38, 44-45(2d Cir. 1997).

37. If the juror thinks **Correctional Health Services Program's employees** or doctors are inherently more credible. United States v. Jones, 913 F.3d 948, 951 (8th Cir. 1999).

38. If the juror thinks correctional enforcement officers are inherently more credible. United States v. Jones, 913 F.3d 948, 951 (8th Cir. 1999).

39. If the juror holds that **correctional enforcement officers** are very honest people and would give them benefit of doubt. United States vs. Sithithongtham, 192 F.3d 1119, 1120 (8th Cir. 1999).

40. If the juror holds that **Correctional Health Services Program's employees** or doctors are very honest people and would give them benefit of doubt. United States vs. Sithithongtham, 192 F.3d 1119, 1120 (8th Cir. 1999).

41. If the juror is under eighteen years old. 28 U.S.C. § 1865(b).

42. If the juror has not resided within the judicial district for one year. 28 U.S.C. § 1865(b).

43. If the juror is unable to **read** English sufficiently to complete the juror qualification form. 28 U.S.C. § 1865(b).

44. If the juror is unable to **write** English sufficiently to complete the juror qualification form. 28 U.S.C. § 1865(b).

45. If the juror is unable to **understand** English sufficiently to complete the juror qualification form. 28 U.S.C. § 1865(b).

46. If the juror is unable to speak English. 28 U.S.C. § 1865(b).

47. If the juror has a mental or physical infirmity that would keep the person form performing satisfactory juror service. 28 U.S.C. § 1865(b).

48. If the juror holds that the average person would be prejudice in a civil rights related to a person that is in *prison*. United vs. Torres, 128 F.3d 38, 45(2d Cir. 1997).

**LIST OF VOIR DIRE QUESTIONS (MOST ARE PEREMPTORY CHALLENGES)**

49. If any of the juror has relatives in correctional officer or law enforcement.

50. If the juror would tend to believe a law enforcement officer.

51. Where each juror works at?

52. What each juror do for a living?

53. Please state your full name.

54. Please state your marital status. (Single, Married, Divorced/Separated).

55. Please state your complete residence address, and how long have you lived at this address?

56. What is the highest grade you have completed in school, including any trade or technical school?

57. Have you received any degree from any college or university? Is yes, what was the degree, and what was your major?

58. If you have attended college or a university but did not earn a degree, please list the college courses you took.

59. If retired, what was your occupation?

60. Have you at any time been employed by any government agency (federal or state), including any municipality or governmental entity? If yes, please answer the following:

    a. Dates of such employment;
    b. Location of employment;
    c. Title;
    d. Responsibilities;
    e. Reason for terminating employment.

61. Do any of your relatives or friend, or co-workers work for, or have any ever worked for the Department of Corrections or Correctional Administration?

    If yes, answer the following:

    a. Relation of employee to you.
    b. Dates of such employment.
    c. Title.
    d. Responsibilities.
    e. If no longer employed, reason for terminating employment.

62. Have any member of your family or close friends ever had any connection with or dealings with the Department of Corrections or Health Department?

63. Are you or is any member or your immediate family or any close friend related to any officer, director or employee of the

9

    Department of Corrections or Health Department and/or any other of its entities? If yes, which one?

64. Have you ever had a positive or negative experience with the Department of Corrections or Health Department and/or any of its entities? If yes, please describe.

65. Have you or has any member of your family or any close friend, to your knowledge, ever sued anyone or presented a claim against Department of Corrections or Health Department?

    If yes, please describe.

66. Have your or a relative or a close friend worked in any capacity in law enforcement, police, and lawyer's office or in a court of justice? If yes, explain.

67. Do you have any legal training? If so, explain.

68. Have you heard of, or have you any knowledge of, the facts or events in this case?

    If yes, please tell us what have you heard about this case.

69. Have you ever served as a juror in any other case? If yes, was it a criminal or a civil case?

    a.   Civil – how many? Please describe.

    b.   Criminal – how many? Please describe.

70. Do you have any belief or feeling toward any of the parties, attorneys or witnesses that might be regarded as a bias or prejudice for or against any of them?

71. Do you have any involvement or know of any reason why you could not serve as a juror in this case and render a fair and impartial verdict in this case?

72. Do you know of any reason why you could not serve as a juror and be fair to all the parties? If so, explain.

73. Is there any health reason why you would have a hard time serving on the jury in this case?

74. Do you take any medications regularly that might make you sleepy or distracted during the trial?

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to accept their proposed voir dire.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY**, that on October 20, 2005, I electronically filed the foregoing with the Clerk of the Court, using CM/ECF system which will send notification of such filing: **laaparicio@justicia.gobierno.pr, rurodriguez@justicia.gobierno.pr; joestades@justicia.gobierno.pr; lavyaparicio@yahoo.com**.

In San Juan, Puerto Rico, this 20 day of October 2005.

> s/Glenn Carl James
> Glenn Carl James
> JAMES LAW OFFICES
> PMB 501
> 1353 Rd.19
> Guaynabo, PR 00966-2700
> Tel.: (787)763-2888

11

```
                            Fax: (787)763-2881
                            E-mail:
                            jameslawoffices@centennialpr.net
                            Attorney for the plaintiff
```