IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MARÍA ALSINA ORTIZ ET.AL. | * * | CIVIL NO. 98-1893 (JAG) |
| | * | |
| | * | PLAINTIFFS DEMAND |
| PLAINTIFFS | * | TRIAL BY JURY |
| | * | |
| vs. | * | |
| | * | |
| MS. ZOE LABOY ET.AL. | * * | |
| | * | |
| DEFENDANTS | * | |

**********************************

**Plaintiffs Proposed Jury Instructions**

**And Verdict Form**

s/Glenn Carl James
Glenn Carl James
JAMES LAW OFFICES
PMB 501
1353 Rd.19
Guaynabo, PR 00966-2700
Tel.: (787)763-2888
Fax: (787)763-2881
E-mail
jameslawoffices@centennialpr.net
USDC-PR   207,706

CIVIL NO. 98-1893(JAG)


## INSTRUCTION # 1

### Court's Comments on Evidence


Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some detailed instructions. Those instructions will control your deliberations.

The law of the United States permits the judge to comment to jury on the evidence in the case. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely since the jurors are the sole judges of the facts.


Source: Based on Devitt and Blackmar Instruction No. 10.10 and Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.1

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 2

### Court's Questions to Witness

During the course of trial, I occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related. Remember at all times that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

Source: Based on Devitt and Blackmar Instruction No. 10.11

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)  the sworn testimony of any witness;

(2)  the exhibits which are received into evidence; and

(3)  any facts to which the lawyers stipulate.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.3

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 4

### What is not Evidence

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard; and

(4)  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.4

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 5

### Evidence for limited purpose

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.5

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 6

### Objections and Rulings

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer any question.

Source: Based on Devitt and Blackmar Instruction No. 10.13.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 7

### Admonition

You will not be required to remain together while the court is in recess. It is important that you obey the following instructions with reference to the recess of the court:

**FIRST:** do not discuss the case either among your selves or with anyone else during the course of the trial. In fairness to the parties to their lawsuit you should keep an open mind through the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys summations and my instructions to you on the law, and then only after an interchange of views with the other members of the jury.

**SECOND:** do not permit any third person to discuss the case in your presence, and if anyone does so despite your telling him not to, report that fact to the court as soon as you are able. You should not, however, discuss with your fellow jurors either that fact or any other fact you feel necessary to bring to the attention of the court.

**THIRD:** through it is normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all parties be assumed of the absolute impartially they are entitled to expect from you as jurors.

**FOURTH:** do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matter which is not proper evidence for your consideration. You must base your verdict solely on what is brought out in court.

Source: Based on Devitt and Blackmar Instruction No. 10.14.

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 8

### Questions Not Evidence

If a lawyer asks a witness a question which contains an assertion of fact you may not consider the assertion as evidence of the fact. The lawyers statements are not evidence.

Source: Based on Devitt and Blackmar Instruction No. 11.13

CIVIL NO. 98-1893(JAG)

**INSTRUCTION # 9**

**Order of Trial**

The case will proceed in the following order:

First, the plaintiff may make an opening statement outlining his case. The defendant may also make an opening statement outlining his case immediately after plaintiff's statement, or he may defer the making of his opening statement until the conclusion of the plaintiff's case. Neither party is required to make an opening statement. What is said in opening statement is not evidence, but is simply designated to provide you with an introduction as to the evidence which the party making the statement intends to produce.

Second, the plaintiff will introduce evidence in support of his claim. At the conclusion of the plaintiff's case the defendant may introduce evidence. The defendant, however, is not obligated to introduce any evidence or to call witnesses. If the defendant introduces evidence or to call any witnesses. If the defendant introduces evidence the plaintiff may then introduce rebuttal evidence.

Third, the parties may represent closing argument to you as to what they consider that the evidence has shown and as to the

inferences which they contend you should draw from the evidence. What is said in closing you should draw from the evidence. What is said in closing argument, just as what is said in opening statement, is not evidence. The arguments are designated to present to you the contentions of the parties based on the evidence introduced. The plaintiff has the right to open and to close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

Source: Based on Devitt and Blackmar Instruction No. 70.02.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 10

## Province of Court and Jury

After the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not.

The law of the United States permits the judge to comment on the evidence in the case during the trial or in instructing the jury. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

Source: Based on Devitt and Blackmar Instruction No. 70.05.

CIVIL NO. 98-1893(JAG)


**INSTRUCTION # 11**

**Province of the Court**


MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case,

or what the opinion is. It is not my function to determine the facts, but rather yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

Source: Based on Devitt and Blackmar Instruction No. 71.01.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 12

### Instructions Apply to Each Party

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

Source: Based on Devitt and Blackmar Instruction No. 71.03.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 13

## All Persons Equal Before the Law – Individuals

This case should be considered and decided by you as an action between person of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons; all persons stand equal before the law, and are to be dealt with as equal in a court of justice.

Source: Based on Devitt and Blackmar Instruction No. 71.04.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 14

### Burden of Proof – Absolute Certainty Not Required

Although the burden is on the party, who asserts the affirmative of an issue to prove his claim by preponderance of the evidence in the case, this rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact if, after consideration of all the evidence in the case, the jurors, believe that what is sought to be proved on that issue is more likely true than not true.

Source: Based on Devitt and Blackmar Instruction No. 71.13.

18

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 15

### Preponderance of Evidence

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant.

(As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the defendant, as I will explain).

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In Determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless, otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all

exhibits received in evidence, regardless of who may have produced them.

Source: Based on Devitt and Blackmar Instruction No. 71.14.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 16

### "If You Find," or "If You Decide"

When I say in these instructions that a party has the burden of proof on any proposition, I mean it is more probably true than no true.

Source: Based on Devitt and Blackmar Instruction No. 71.15.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 17

## Effect of Instructions as Damages

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of plaintiff on the question of liability, by a preponderance of evidence and in accord with the other instructions.

Source: Based on Devitt and Blackmar Instruction No. 71.16.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 18

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.6.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 19

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.7.

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 20

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear of know the things testified to;

(2)  the witness´ memory;

(3)  the witness´ manner while testifying;

(4)  the witness´ interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness´ testimony;

(6)  the reasonableness of the witness´ testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.8.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 21

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide

that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.9.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 22

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 1.10.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 23

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 2.2.

CIVIL NO. 98-1893(JAG)

**INSTRUCTION # 24**

**STIPULATION OF FACT**

The parties have agreed to certain facts:

1.    Mr. Emilio Castillo is married to Ms. Mercedes Rosado and was married to her during November and December, 1997. During that period of time she was not a correctional system employee.

2.    Maria Alsina Ortiz is the only inheritor of Orlando Ocasio Alsina.

3.    Emilio Castillo was working as a correctional lieutenant officer at the Bayamon Correctional facilities of the Commonwealth of Puerto Rico during the period of time that Orlando Ocasio Alsina was an inmate there, from November to December, 1997.

4.    On November 8th, 1997 a riot occurred at the Bayamon Correctional Complex.

5.    During November and December 1997 Orlando Ocasio Alsina's family had been requesting for medical treatment for Orlando Ocasio Alsina.

6.    After January 2, 1998, Orlando Ocasio Alsina was transferred from Bayamon correctional facility to receive medical treatment and never return.

7.    The day after the November 8th 1997 riot, Ocasio alsina wrote a letter to his mother.

**You should therefore treat these facts as having been proved.**

Source:  Manual  of  Model  Civil  Jury  Instructions  for  the District Court of the Ninth Circuit No. 2.4.

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 25

### DEPOSITION AS SUBSTANTIVE EVIDENCE

[When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.] A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 2.6.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 26

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness´ memory;

(3)  the witness´ manner while testifying;

(4)  the witness´ interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness´ testimony;

(6)  the reasonableness of the witness´ testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Source: Manual of Model Civil Jury Instructions for the District

Court of the Ninth Circuit No. 3.6.

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 27

### OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from [a] person[s] who, because of education or experience, [is] [are] permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness´ education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 3.7.

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 28

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 4.1.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 29

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 4.3.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 30

### Evidence—Direct—Indirect or Circumstantial

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence-—the proof of a claim of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Source: Based on Devitt and Blackmar Instruction No. 72.02.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 31

### RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time*]. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 4.4.

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 32

### ADDITIONAL INSTRUCIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction*.]

You will now retire to the jury room and continue your deliberations.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 4.5.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 33

### DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and chance your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not

single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 4.6.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 34

### LIABILITY OF CORPORATIONS-SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 6.2.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 35

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First,* when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second,* it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges___ judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third,* if you need to communicate with me during your deliberations, you may send a note to me through the marshal of bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your votes stand numerically.

*Fourth,* your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your, verdict should be, that is entirely for you to decide.

*Finally,* the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.]

Source: Manual of Model Civil Jury Instructions for the District Court of the Eighth Circuit No. 3.06.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 36

### Evaluation of Evidence

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I may sustain objections to questions asked without permitting the witness to answer or, where an answer has been made, may instruct that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision. The law requires that your decision be made solely upon the competent evidence before you. Such items as I exclude from your consideration will be excluded because they are not legally admissible.

The law does not, however, require you to accept all of the evidence I shall admit, even though it be competent. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his testimony. The testimony of a witness may fail to conform to the facts as they occurred because he is intentionally telling a

falsehood, because he did not accurately see or hear that about which he testifies, because his recollection of the event is faulty, or because he has not expressed himself clearly in giving his testimony. There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testifies, the probability or improbability of the witness´ testimony when viewed in the light of all of the other evidence in the case, are all items to be taken into your consideration in determining the weight, if any, you will assign to that witness´ testimony. If such considerations make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stores together. If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

Source: Based on Devitt and Blackman Instruction No. 72.01.

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 37

### **Number of Witnesses**

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

Source: Based on Devitt and Blackman Instruction No. 72.14.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 38

### Single Witness

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all the evidence in the case, your hold greater belief in the accuracy and reliability of the one witness.

Source: Based on Devitt and Blackman Instruction No. 72.15.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 39

### Credibility of Witnesses-Discrepancies in Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness´ intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or

may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure or recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

Source: Based on Devitt and Blackman Instruction No. 73.01.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 40

### All Available Evidence Need Not be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Source: Based on Devitt and Blackman Instruction No. 73.11.

CIVIL NO. 98-1893(JAG)

### INSTRUCTION # 41

### Election of Foreperson-General Verdict

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

Forms of verdict have been prepared for your convenience.

(Forms of verdict read).

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

Source: Based on Devitt and Blackman Instruction No. 74.04.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 42

### DUTY OF CARE

### Verdict-Unanimous-Duty to Deliberate

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source: Based on Devitt and Blackman Instruction No. 74.01.
CIVIL NO. 98-1893(JAG)

**INSTRUCTION # 43**

**DEFINITION: DELIBERATE INDIFFERENCE-CONVICTED PRISONERS
42 U.S.C. § 1983**

Deliberate indifference is established only if there is actual knowledge of a substantial risk that plaintiff (describe serious medical problem or other serious harm that defendant is expected to prevent) and if the defendant disregards that risk by intentionally refusing or failing to take reasonable measures to deal with the problem. Mere negligence or inadvertence does not constitute deliberate indifference.


Source: Model Jury Instructions Civil for the District Court of the Eight Circuit, 2001, No. 4.44.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION #  44

### DEFINITION: SERIOUS MEDICAL NEED-CONVICTED PRISONERS
### 42. U.S.C. § 1983

A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

Source: Model Jury Instructions Civil for the District Court of the Eight Circuit, 2001, No. 4.43.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 45


### DEFINITION: PERVASIVE RISK OF HARM-CONVICTED PRISONERS
### 42 U.S.C § 1983

Prisoners, by their very nature, are sometimes dangerous, violent and unpredictable. Thus, proof of a single or an isolated incident of (violence) (sexual assault) is [ordinarily] not sufficient to prove a pervasive risk of harm. On the other hand, it is not necessary to prove that a reign of violence or terror exists in the institution. A pervasive risk of harm exists when (violent acts)(sexual assault) occur with sufficient frequency that a prisoner or prisoners are put in reasonable fear for their safety and prison officials are aware of the problem and the need for protective measures.


Source: Model Jury Instructions Civil for the District Court of the Eight Circuit, 2001, No. 4.42

CIVIL NO. 98-1893(JAG)

## INSTRUCTION #    46

### DEFINITION: COLOR OF STATE LAW
### 42 U.S.C. § 1983

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

Source: Model Jury Instructions Civil for the District Court of the Eight Circuit, 2001, No. 4.40

CIVIL NO. 98-1893(JAG)

### INSTRUCTION #   47

### EIGHTH AMENDMENT
### (INADEQUATE MEDICAL CARE)

Plaintiff claims that prison officials, by demonstrating deliberate indifference to his serious medical needs, violated his Eighth Amendment constitutional rights.

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. In order to prove a violation under the Eighth Amendment, the plaintiff must show that the defendant(s) unnecessarily and wantonly inflicted harm on him.

To show that his Eighth Amendment rights were violated because he received inadequate medical care, the plaintiff must prove that defendant(s) exhibited deliberate indifference to his serious medical needs. In order to prove a violation under the Eighth Amendment in this case, therefore, the plaintiff must prove each of the following three elements by a preponderance of the evidence:

First: That defendant(s) displayed deliberate indifference to an illness or injury of the plaintiff;

Second: That the plaintiff's illness or injury was serious; and

Third: That the plaintiff was injured as a result of the prison officials acts or omissions regarding his illness or injury.

If the plaintiff fails to prove any of these elements, you must find for the defendants(s). The first element is to be evaluated by a subjective analysis of the defendant(s) and his state of mind. To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident.

The second element is to be examined objectively, focusing on the specific illness or injury and the reasonably foreseeable consequences to the plaintiff of a deprivation of care or inadequate care. That is, would a reasonable person acting under the same circumstances foresee that the conduct of the defendant(s) would cause the harm plaintiff claims?

Source: Pattern Jury Instructions Civil for the District Court of the Eight Circuit, 2005, No. 10.6.

**CIVIL NO. 98-1893(JAG)**

## INSTRUCTION #   48

## DENIAL OF MEDICAL CARE-

## CONVICTED PRISONER*

### 42 U.S.C. § 1983

Your verdict must be for plaintiff [and against defendant

_____] [on plaintiff's claim of deliberate indifference to his

serious medical need][1] if all of the following elements have been

proved by the preponderance of evidence:

*First*, plaintiff had a serious need for [describe

plaintiff's medical need, such as "treatment for a broken leg" or

"pain medications"], and

*Second,* defendant was aware of plaintiff's serious need for

such["medical care" or "pain medication"], and

*Third*, defendant, with deliberate indifference, failed to

["direct that the medical care be provided" or "allow plaintiff

to obtain the medical care need"] [within a reasonable time], and

*Fourth,* as a direct result, plaintiff was damaged, and

*Fifth*, defendant was acting under color of state law.

---

If any of the above elements has not been proved by the preponderance of evidence, then your verdict must be for defendants.


Source: Model Jury Instructions Civil for the District Court of the Eight Circuit, 2001, No. 4.31

CIVIL NO. 98-1893(JAG)

### INSTRUCTION #   49

### ACTUAL DAMAGES-PRISIONER
### CIVIL RIGHTS

If you find in favor of plaintiff, then you must award plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate plaintiff for [any damages] you find plaintiff sustained [and is reasonably certain to sustain in the future] as a direct result of [insert appropriate language such as "the conduct of defendant as submitted in Instruction_____" or "the failure to provide plaintiff with medical care" or "the violation of plaintiff's constitutional rights."] [You should consider the following elements of damages:

1.    The physical pain and (mental) (emotional) suffering the plaintiff has experienced (and is reasonably certain

to experience in the future); the nature and extent   o f   t h e injury, whether the injury is temporary or permanent   (   a n d whether any resulting disability is partial or total) (and any aggravation of a pre-existing condition);

2.    The reasonable value of the medical (hospital,

nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future);

　　　　3.　The (wages, salary, profits, reasonable value of the working time) the plaintiff has lost [and the reasonable value of the earning capacity the plaintiff is reasonably certain to lose in the future] because of (his, her) (inability, diminished ability) to work.]

　　　　[Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.]

Source: Model Jury Instructions Civil for the District Court of the Eight Circuit, 2001, No. 4.51.

**CIVIL NO. 98-1893(JAG)**

## INSTRUCTION #    50

### PUNITIVE DAMAGES-CIVIL RIGHTS

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against defendant [name] [and if you find the conduct of that defendant as submitted in Instruction _____ was recklessly and callously indifferent to plaintiff's (specify, e.g., medical needs),] then, in addition to any other damages to which you find plaintiff entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or deter the defendant and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

[You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant,

the amounts assessed against such defendants may be the same or they may be different.]

Source: Model Jury Instructions Civil for the District Court of the Eight Circuit, 2001, No. 4.53.

**CIVIL NO. 98-1893(JAG)**

## INSTRUCTION # 51

### LIABILITY UNDER ARTICLE 1802

A person who by an act or omission causes damages to another through fault or negligence shall be obliged to repair the damage so done.

Source: Article 1802 of the Puerto Rico Civil Code (31 L.P.R.A. § 5141).

**CIVIL NO. 98-1893(JAG)**

**INSTRUCTION # 52**

<u>Liability for a Failure to Act</u>

Liability may be imposed upon a defendant for a failure to act when there is a duty to act.

Source: <u>Clark vs. Taylor,</u> 710 F.2d 4,9 (1st Cir. 1983).

CIVIL NO. 98-1893(JAG)


INSTRUCTION # 53

DAMAGES-PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs [on plaintiff's ___ claim], you must determine the plaintiffs' damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money, which will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendant. In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

[The [mental], [physical], [emotional] pain and suffering experienced and which with reasonable probability will be experienced in the future;]

The reasonable value of burial expenses received to the present time;]

71

The plaintiffs have the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: Manual of Model Civil Jury Instructions for the District Court of the Ninth Circuit No. 7.1 and 7.2.

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 54

### CAUSAL NEXUS

A cause of action for extracontractual damages consists of three elements; (1) Fault or negligence (2) the existence of damages and (3) causal relation between the fault or negligence and the damage.

Source: <u>Soc. De Gananciales v. G. Padín Co. Inc</u>., 117 D.P.R. 94 (1986).

CIVIL NO. 98-1893(JAG)

INSTRUCTION # 55

**ADEQUATE CAUSE**

Under the law, you must determine what was the adequate cause of an event. Every condition without which the result would not have been produced, is not a cause, but that which ordinarily produces it according to general experience.

Source: <u>Soc. de Gananciales v. Jerónimo Corp.,</u> 103 D.P.R. 127 (1974); <u>Jiménez v. Peregrina Espinet,</u> 112 D.P.R. 700 (1982); <u>Cárdenas Maxan v. ELA,</u> 126 D.P.R. 702 (1990); Jaime Santos Briz, *Derecho de Daños*, Ed. Revista de Derecho Privado, Madrid, 1963. CIVIL NO. 01-2652(CCC)

**CIVIL NO. 98-1893(JAG)**

## INSTRUCTION # 56

### <u>OMISSIONS</u>

In order for a negligent act to occur as a result of an omission, there must exist a duty to care, either imposed or recognized by the law, and a breach of this duty.

Source: <u>Elba A.B.M. V. University of Puerto Rico,</u> 125 D.P.R. 294 (1990).

CIVIL NO. 98-1893(JAG)

## INSTRUCTION # 57

### Cause

You must decide what was the legal or proximate cause of the accident. To do this you must determine (1) the conduct of an individual is generally appropriate to produce a given result; (2) the occurrence of the damage was to be expected in the normal course of events, or if, on the contrary it is outside this possible calculation.

Source: <u>Román v. E.L.A.,</u> 116 D.P.R. 712 (1985).

**CIVIL NO. 98-1893(JAG)**

## VERDICT FORM

1.  Based upon the jury instructions and the evidence in the case we the jury find liable defendants

YES _____        NO _____

2.  If the answer to number one was yes, then we award to plaintiff the amount of $ _____.

3.  We the jury find liable defendants for punitive damages.    YES _____        NO _____

4.  If the answer to number 3 was yes, then Defendants are liable for punitive damages for the amount of $ _____

Date:_____

_____
PRESIDING JUROR