IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MARÍA ALSINA ORTIZ, ET. AL. AND/OR THE ESTATE OF MR. ORLANDO OCASIO ALSINA COMPOSE OF MARÍA ALSINA ORTIZ<br><br>PLAINTIFFS<br><br>VS.<br><br>MS. ZOE LABOY IN HER PERSONAL CAPACITY, JOHN DOE IN HIS PERSONAL CAPACITY AND, ET. ALS.<br><br>DEFENDANTS | * * * * * * * * * * * * * * * * * * * * * * | CIVIL NO. 98-1893 (JAG)<br><br><br><br>PLAINTIFFS DEMAND TRIAL<br>BY JURY |

**PLAINTIFF'S FIRST MOTION IN LIMINE AND MOTION TO STRIKE REGARDING DEFENDANTS' EXHIBITS 2, 3, 4, 7, 10, 12 and 14**

**TO THE HONORABLE COURT:**

**COME NOW,** Plaintiffs through their undersigned attorney, and respectfully state and pray:

1. An In Limine order not only excludes inadmissible evidence, but it also prohibits the parties or their lawyers referring to such evidence. Benedi v. McNeal PPC, Inc. 66 F.3d 1378(4th Cir. 1995).

2. In Pelster v. Ray, 987 F.2d 514, 525(8th Cir. 1993); the Honorable Court declare that hearsay evidence is inadmissible.

3. Furthermore, at docket 299, within the docket text, at the fourth line; it states that the Court was informed of defendants

Emilio Castillo's mental condition. Mr. Emilio Castillo was appointed a representative due to his mental condition; see dockets 187, 191, 202, 205, 209 and 226. Mr. Emilio Castillo lacks the capacity to recall or recollect, lacks capacity to narrate and lacks capacity to testify truthfully. Federal Rules of Evidence, Rule 602; states that a witness may not testify unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Mr. Castillo cannot comply with this due to his condition. State vs. Cabral, 122 R.I. 623, 410 A.2d 438(1990); a witness is not competent to testify at trial if he or she is unable (1) to observe, (2) to collect, (3) to communicate (in a capacity to understand questions and to furnish intelligent answers), and (4) to appreciate the necessity of telling the truth.

    4. Emilio Castillo is not going to testify due to his mental condition and that is why he has been appointed a representative.

**EXCLUSION OF DEFENDANTS' EXHIBIT 2(SWORN STATEMENT OF EMILIO CASTILLO)**

    5. Plaintiffs request that the Honorable Court excludes and prohibits to defendants, their lawyers and witnesses to refer at trial to the **sworn statement of Emilio Castillo**

(Defendant's Exhibit 2, page 80 of the Joint Proposed Pretrial Order filed at docket 306). Plaintiffs object to the admissibility of this document because it is inadmissible evidence. It is hearsay. Defendants do not comply with Federal Rule of Evidence, Rule 804(b)(1), Rule 807, 804(b)(5) and 803(24). Plaintiff never had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination related to the sworn statement. Furthermore, the sworn statement is not trustworthy because it was prepared by the same defendant after he was sued and, plaintiff does not recognize that the defendant is an eminent or a good correctional officer. Emilio Castillo is an interested party in this case and has a direct connection to this law suit.

6. In Rodriguez vs. Pacificare of Texas, Inc., 980 F.2d 1014(5th Cir. 1993); in which the deposition testimony was excluded because opponent not party to workers' compensation case and had no opportunity to cross-examine. In Carter vs. Sowders, 5 F.3d 975(6th Cir. 1993); a video A videotaped deposition may not be admitted against the accused without opportunity for cross-examination. Plaintiff never had the opportunity, neither a similar motive to develop the testimony by direct, cross or redirect examination of Emilio Castillo when the sworn statement was prepared. Also, the sworn statement does not comply with Federal Rules of Evidence, Rule 807. In Crawford v. Washington,

541 U.S. 36, 124 S. Ct. 1354(2004); the Supreme Court of United States expresses that the Confrontation Clause bars testimonial hearsay unless the witness is unavailable and the accused has had a prior opportunity for cross-examination.

7. The sworn statement does not comply with Rule 801(d)(1). Prior statement of a witness requires that declarant testifies and is subject to cross-examination concerning the statement and the statement is (A) inconsistent with declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or a deposition.... The sworn statement it has to be an inconsistent statement given at a trial, hearing or other proceeding. If it is consistent it is not admissible. It has to be given in a trial, hearing, deposition or other proceeding, which was not. The Honorable Court states in United States v. Day, 789 F2d 1217, 1221-23(6th Cir. 1986) that congress intended to qualify under Rule 801(d)(1)(A) only does prior inconsistent statements that "were highly reliable and firmly anchored in the probability of truth." Sworn statement taken by two IRS agents does not qualify as other proceeding." See also, United States v. Micke, 859 F2d 473, 477(7th Cir. 1988). Due to the fact that plaintiff could not cross examined Emilio Castillo, plaintiffs could not inquire if he had personal knowledge of the facts statement within the sworn statement.

8. In United States v. Sposito, 106 F.3d 1042, 1047(1st Cir. 1997); states that the legislative history of residual clause exception, shows that the Rule was intended for statements that have guarantees of trustworthiness equivalent to or exceeding the guarantees reflected by the other hearsay exceptions. In United States v. Benavente Gomez, 921 F.2d 378, 384(1st Cir. 1990); expresses that the residual exception of Rule 803(24) was not intended to establish broad license for judges to admit hearsay not falling under the specific exceptions or to authorize major judicial of the hearsay rule. In United States v. De Villio, 983 F.2d 1185, 1190(2d Cir. 1993); states that "the residual exceptions 803(24) and 804(b)(5) are applied in the rarest cases". In Conoco Inc. v. Department of Energy, 99 F.3d 387, 392(Fed. Cir. 1966); expresses "the two residual hearsay exceptions in the Federal Rules......were meant to be reserved for exceptional cases. They were not intended to confer 'a broad license on trial judges to admit hearsay statements that do not fall within one of the other exceptions contained in rules 803 and 804(b)'." In United States v. Collins, 66 F.3d 984, 986-87(8th Cir. 1995); expresses that Rule 804(b)(5) applies only in rare and exception circumstances. Parsons v. Honeywell, Inc., 929 F.2d 901, 907-8(2nd Cir. 1991); states to be admissible under this exception, evidence must fulfill five requirements;

trustworthiness, materiality, probative importance, interests of justice and notice.

9. The sworn statement of Emilio Castillo was made after he was sued and related to facts of this suit; it was self serving. The sworn statement expressly states that it was prepared due to the case of Maria Alsina vs. Zoe Laboy, civil number 98-1893. In Rock v. Huffco Gas & Oil Co., Inc., 922 F.2d 272, 281-82(5th Cir. 1991); states that self serving statements that deceased plaintiff made to family members prior to death as to cause of injury in a negligence action were "inherently and not admissible under this exception.

10. In Stokes v. City of Omaha, 23 F.3d 1362, 1366-67(8th Cir. 1994); states that in an age discrimination case, the trial court erred in admitting **the affidavit of a deputy clerk sheriff** who was deceased at the time of trial and who stated in "a rambling paragraph" that during a 7 year period the chief of police mentioned at various staff meetings that his policy was to weed out old employees. Mr. Emilio Castillo's sworn statement should also be excluded.

11. The declarant's relationship to the parties and motivation are critical. The fact a statement was given under oath is not alone sufficient to show trustworthiness. United States v. Canan, 48 F.3d 954, 964(6th Cir. 1995). Cert. den., 116 S Ct 716(1996); Stokes v. City of Omaha, 23 F.3d 1362, 1362,

1367(8th Cir. 1994); United States v. Fernandez, 892 F.2d 976(11th Cir. 1989). Emilio Castillo is a defendant, the sworn statement was made after he was sued and his motivation was oppose to plaintiffs' complaint. The original complaint was filed on August 5, 1998, the sworn statement is dated September 4, 1998 and the sworn statement expressly states that is done to an investigation of this lawsuit, stating within the sworn statement civil case number 98-1893. Furthermore, the sworn statement of Emilio Castillo in any place states that he had personal knowledge of the facts stated within the sworn statement. No trustworthiness exists. Furthermore, there is no reliability in the sworn statement because defendants will have no evidence that verify the facts stated within the sworn statement at the trial. Finally, defendants never notified the information required under Rule 807 to plaintiffs, within their Joint Proposed Pretrial Order filed at docket 306, pages 80-86. Finally, the case of Furtado v. Bishop, 604 F.2d 80, 91(1979); does not apply, due to the reasons stated within this document.

12. In United States v. Grooms, 978 F.2d 425, 427(8th Cir. 1992); states that a determination of trustworthiness under Rule 803(24), focuses on the circumstances at the time of the declaration and the credibility of the declarant. Plaintiff argues regarding the sworn statement of Emilio Castillo that there are no circumstantial guarantees of trustworthiness

equivalent to those of evidence admissible. Furthermore, the statements within the sworn statement are not more probative on the point, because defendant could have used eye witnesses that could have allegedly testify in favor of Emilio Castillo and they did not. They could have allegedly used other witnesses with personal knowledge. No reasonable efforts were made to produce better evidence by defendants. In Schering v. Pfizer, Inc. 189 F.3d 218 (2d Cir. 1999); states that the exception requires necessity and trustworthiness and should be used rarely and only in exceptional circumstances. In Akrabawi v. Carnes Co., 152 F.3d 688, 697(7th Cir. 1998); states that the residual exception is narrowly construed to prevent it from becoming the exception that swallows the rule. In United States v. Tome, 61 F.3d 1446, 1451(10 th Cir. 1995); expresses that Courts must use caution when admitting hearsay under the residual exception, since an expansive interpretation would threaten to swallow the entirety of the hearsay rule. In Conoco, Inc. v. Department of Energy, 99 F.3d 387, 392(Fed. Cir. 1997); states that the residual exception is not intended to confer a broad license on trial judges to admit hearsay not falling within one of the exceptions in Fed. 803 and 804. 804(b)(5), the residual exception, are "presumptively unreliable," It cites Idaho v. Wright, 497 U.S. at 818, 110 S. Ct. at 3148(quoting Lee v. Illinois, 476 U.S. 530, 543, 106 S. Ct. 2056, 2063, 90 L.Ed.2d 514(1986) and violate the

confrontation clause "absent a showing of particularized guarantees of trustworthiness(quoting Roberts, 448 U.S. at 66, 100 S. Ct. at 2539).

13. The declarant's relationship to the parties and motivation are critical. The fact a statement was given under oath is not alone sufficient to show trustworthiness. United States v. Canan, 48 F 3d, 954, 964(6th Cir. 1995), cert. denied, 116 S Ct 716(1996); Stokes v. City of Omaha, 23 F 3d 1362, 1367(8th Cir. 1994); United States v. Fernandez, 892 F 2d 976(11th Cir. 1989). Mr. Emilio Castillo is a defendant in this case, the suit was filed on August 5, 1998, 1998 and the sworn statement was prepared on September 4, 1998; so his motivation was to defend himself of this suit, so the sworn statement is not admissible.

**DEFENDANTS' EXHIBITS 3, 4, 7, 10, 12 and 14 STATED AT DOCKET 306, PAGES 80 AND 81 OF THE JOINT PROPOSED PRETRIAL ORDER**

14. As to defendants' Exhibits 3, 4, 7, 10, 12 and 14: Plaintiff objects pursuant to Rules 901-902 of the Federal Rule of Evidence, lack of authentication and they are not admissible under hearsay rules, Rules 801-807, Rules of Evidence.

15. Defendants cannot authenticate pursuant to Federal Rules of Evidence Rule 901, Exhibits 3 and 4. Those exhibits do

not even have a signature of Orlando Ocasio Alsina. Defendants cannot even authenticated an allege waiver of Orlando Ocasio Alsina that it does not have a signature. Furthermore, defendants have not notified any witness(es) that could authenticate Exhibits 3, 4, 7, 10, and 12, within the Joint Proposed Pretrial Order, docket 306, page 64.

16. Furthermore, defendants have not notified witnesses in order to establish the admissibility of exhibits 3, 4, 7, 10, and 12. All of those documents are hearsay, inadmissible under any of the exceptions of hearsay. Plaintiff use the same arguments that are used for Exhibit 2 stated before. They are not admissible to prove the truth of the matter asserted. Also, defendants have no witnesses in order to establish the proper foundation under any of the exceptions of hearsay; so lack of foundation exits over those documents, including exhibit 2. In Liner v. J.B. Talley & Co., 617 F.2d 327(5th Cir. 1980); states that if the records custodian cannot explain the record keeping procedures for the business, the requirements of Rule 803(6) are not met, and the records are not admissible. Defendants cannot prove at trial the foundation requirements of Federal Rules of Evidence, Rule 803(6) that a person who prepared record had knowledge, the duty to report information and record, personal knowledge of facts and events reported in record, report prepared at or near time acts or events occurred, business

10

regularly prepared such reports and the record exhibits no indication of unreliability or lack of trustworthiness. Defendants neither can establish the foundation required pursuant to Federal Rules of Evidence, Rule 803(8); which is record is public or official record kept in public custody, record properly prepared in conformance with procedures prescribed by public agency, document prepared by public official who had duty to record facts contained in document, document prepared by public official who had duty to record facts contained in document, public official had personal knowledge of facts contained in document and information in document was of factual nature. Also, in People v. Shipp, 175 Mich. App. 332, 437 N.W. .2d 385(1989); a medical examiner's conclusions contained in an autopsy report do not fall within either the business records or public exception to the hearsay rule. The medical examiner's conclusion about the cause of the victim's death are hearsay statements that do not report acts, transactions, occurrences or events, but rather are opinions of a medical examiner not subject to cross-examination. Therefore, the examiner conclusions are not covered by public records exception. Exhibit 10 constitutes a medical opinion, which is inadmissible under Rule 803(8). Exhibits 2, 3, 4, 7, 10, 12 and 14 cannot be admitted under business or public exceptions, within Federal Ruled of Evidence, Rule 803. In United States v.

11

Davis, 826 F. Supp. 617 (D.R.I. 1993) Rule 803(8); excludes reports of "public offices or agencies" from hearsay rule. The proponent bears the burden of proving admissibility under Rule 803(8), which requires a showing that the report is a report of a "public agency". Defendants cannot establish this specific requirement as a foundation, regarding Exhibits 2, 3, 4, 7, 10, 12 and 14. In United States v. Oates, 560 F .2d 45 (2d Cir. 1988); states that reports and worksheets of the United States Customs Service chemist were held inadmissible against the defendant in a criminal case because they resulted from an investigation made pursuant to authority granted by law and therefore, were not within the scope of Rule 803(8). Also, the exhibits should be excluded pursuant to Figuers v. Board of Public Utilities, 967 F .2d 357 (10th Cir. 1992); in which a draft of a proposed letter to defendant from the U.S. Department of Labor's Office of Federal Contract Compliance, that plaintiff had been a victim of race discrimination was properly precluded from evidence as hearsay because the letter was in draft form and, therefore, did not constitute a factual finding of a public agency.

16. Regarding Defendants' Exhibit 7, plaintiff will file a motion in limine or motion to strike Mr. Francisco Santos Falcon as a witness in a separate document.

17. Plaintiff requests that Exhibits 3, 4, 7, 10, and 14 be excluded at trial, because the first time that defendants notified that they will use those documents as evidence in the case, it was when they filed on 10/24/2005 the Joint Proposed Pretrial Order at docket 306. The original complaint was filed on August 5, 1998, over seven year ago, and now is the first time they formally notify that they will use does documents. Those documents are not even included within the Joint Proposed Pretrial Order filed on July 12, 2000, at docket 121, pages 190-192. Plaintiff also objects to the use of the exhibits listed within this group, for not complying with the Case Management Order. Plaintiff requests that they be excluded pursuant to Federal Civil Procedure Rule 37.

17. An opponent's failure to disclose information or documents could be excluded in motion to strike evidence for the failure to disclose. Federal Rules of Civil Procedure, Rule 37 ( c ) (1) and Cook v. Rockwell Int'l. 181 F.R.D. 473, 488(D. Col. 1998).

**WHEREFORE,** Plaintiffs very respectfully request this Honorable Court to exclude at trial defendants' documents 2, 3, 4, 7, 10, 12 and 14 stated at docket 306, pages 80 and 81 of the Joint Proposed Pretrial Order; to prohibit defendants, their lawyers and any of defendants' witnesses referring to such documents at trial.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY:** I hereby certify that on 21 day of November, 2005 I electronically filed the foregoing with the Clerk of the Court, using CM/ECF system which will send notification of such filing: laaparicio@justicia.gobierno.pr, rurorodriguez@justicia.gobierno.pr, joestades@justicia.gobierno.pr, josgonzalez@justicia.gob.pr, and lavyaparicio@yahoo.com.

In San Juan, Puerto Rico, this 21 day of November, 2005.

        s/ Glenn Carl James
        Glenn Carl James
        Attorney for Plaintiffs
        USDC-PR 207,706
        JAMES LAW OFFICE
        PMB 501
        1353 Rd. 19
        Guaynabo, PR 00966-2700
        Tel.(787)763-2888
        Fax:(787)763-2881
        E-mail:
        jameslawoffices@centennialpr.net