```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | | |
|---|---|---|
| MARÍA ALSINA ORTIZ, ET. AL. | * | CIVIL NO. 98-1893 (JAG) |
| AND/OR THE ESTATE OF MR. | * | |
| ORLANDO OCASIO ALSINA | * | |
| COMPOSE OF MARÍA ALSINA | * | |
| ORTIZ | * | |
| | * | PLAINTIFFS DEMAND TRIAL |
| PLAINTIFFS | * | |
| | * | BY JURY |
| VS. | * | |
| | * | |
| MS. ZOE LABOY IN HER PERSO- | * | |
| NAL CAPACITY, JOHN DOE IN | * | |
| HIS PERSONAL CAPACITY AND, | * | |
| ET. ALS. | * | |
| | * | |
| DEFENDANTS | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

**PLAINTIFF'S SECOND MOTION IN LIMINE AND MOTION TO STRIKE REGARDING DEFENDANTS' WITNESSES AND TO VOIR DIRE EMILIO CASTILLO BEFORE HE TESTIFY AT TRIAL**

**TO THE HONORABLE COURT:**

  **COME NOW**, Plaintiffs through their undersigned attorney, and respectfully state and pray:

  1. An In Limine order not only excludes inadmissible evidence, but it also prohibits the parties or their lawyers referring to such evidence. Benedi v. McNeal PPC, Inc. 66 F.3d 1378(4th Cir. 1995).

  3. This motion in limine and the other at docket 315 are filed at this period of time because defendants provided their part of the joint pretrial order on October 26, 2005. Plaintiff did not have the list of defendants' expert witness, their

witnesses and documents prior to that date. They formally notified Francisco Santos Falcon as witnesses on that date.

2.  A motion to strike undisclosed evidence can be used to prohibit or limit testimony by oposition's expert witness. Cook v. Rockwell Int'l, 181 F.R.D. 473, 488(D. Col. 1998). Furthermore, a late production of an expert report can be excluded pursuant to Yeti By Molly Limited v. Deckers Outdoor Corporation, 259 F.3d 1101(9th Cir. 2001). Plaintiffs argue that undisclosed information required by the Federal Civil Procedure Rules and late production of the name(s) of witness(es) justify the exclusion of the witnesses.

3.  Moreover, at docket 299, within the docket text, at the fourth line; it states that the Court was informed of defendants Emilio Castillo's mental condition. Mr. Emilio Castillo was appointed a representative due to his mental condition; see dockets 187, 191, 202, 205, 209 and 226. Mr. Emilio Castillo lacks the capacity to recall or recollect, lacks capacity to narrate and lacks capacity to testify truthfully. Federal Rules of Evidence, Rule 602; states that a witness may not testify unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Mr. Castillo cannot comply with this due to his condition. State vs. Cabral, 122 R.I. 623, 410 A.2d 438(1990); a witness is not competent to testify at trial if he or she is unable (1) to

observe, (2) to collect, (3) to communicate (in a capacity to understand questions and to furnish intelligent answers), and (4) to appreciate the necessity of telling the truth.

4. Emilio Castillo is not going to testify due to his mental condition and that is why he has been appointed a representative.

## EXCLUSION OF DEFENDANTS' WITNESSES MERCEDES ROSADO, FRANCISCO SANTOS FALCON AND EMILIO CASTILLO

5. Francisco Santos Falcon was not notified according to the Case Management Order, Rules 26 to 37 of the Federal Civil Procedure Rules as a witness in the case. That witness was formally notified to testify for the first time on October 24, 2005. The original complaint was filed more than 7 years before. The witness was never notified during the discovery period. His name was not included neither within the answers to the interrogatories and Joint Proposed Pretrial Order filed on July 12, 2000, docket 121, pages 160-161. Also, plaintiffs object due to the fact that the Due Process Clause of the Constitution of the United States had been breached, because plaintiff could not perform discovery of witness that never was notified within the period of discovery. Plaintiffs raise Rule 37, of the Federal

Rules of Civil Procedure so he is excluded as a witness to testify.

6. Furthermore, Emilio Castillo deposition had to be stopped, due to his mental condition. Moreover, plaintiff objects to the use of Emilio Castillo, pursuant to Perdue Farms, Inc. v. NLRB, 144 F.3d 830, 834(D.C. Cir. 1998); states that ALJ properly precluded evidence as evidentiary sanction for failing to respond to subpoena on the same topic. Furthermore, defendant cannot testify without giving an oath or affirmation sufficient to comply with Federal Rules of Evidence, Rule 603 and the oath does not adequately awaken the witness' conscience or impress upon the witness a duty to testify truthfully(also pursuant to Rule 603). In United States v. Fowler, 605 F.2d 181(5th Cir. 1979); states that a party or witness who will not give an undertaking to testify truthfully may not testify. In United States v. Fowler, 605 F.2d 181 (5th Cir. 1979); states that a party or a witness who will not offer to testify completely and accurately and to be subject to penalties for perjury may not testify. Also, plaintiff objects because if Emilio Castillo testifies it will call for speculation and there is no evidence to support a finding that Castillo has personal knowledge, because he was involved in a car accident suffering brain damage and losing his memory regarding the facts of the case.

7. Regarding all the witnesses, plaintiffs object that a very brief and general statement as to the testimony of such witnesses was not provided as required by Civil Local Rule 16(d)(5) and (7). Defendants never complied with that Local Rule; see the Joint Pretrial Order, docket 306, page 64 which evidence that defendants did not comply with the rule. Plaintiff needs to know the brief statement of each witness and their address in order to prepare her case; reason why the exclusion of their testimony is requested.

8. Also, plaintiffs object to the use of Mercedes Rosado testimony in order to explain her husband mental condition, competency or facts that only Emilio Castillo has personal knowledge. For example she cannot testify that Castillo is or not competent to testify, specifically in matters that an expert witnesses should testify, pursuant to Rules 601-602 and 701-705, Federal Rules of Evidence. Furthermore, Mercedes Rosado cannot testify regarding facts that she does not have personal knowledge, pursuant to Federal Rules of Evidence, Rule 602. That rule states that a witness may not testify unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. She cannot comply with this rule because she has no personal knowledge related to Orlando Ocasio Alsina's claims within the allegations. See the Joint Proposed Pretrial Order filed at docket 306, page 44, parties' statement

of all material uncontested facts, paragraph 1, third and fourth lines; which states that during November and December 1997 Ms. Mercedes Rosado was not a correctional employee. State vs. Cabral, 122 R.I. 623, 410 A.2d 438(1990); a witness is not competent to testify at trial if he or she is unable (1) to observe, (2) to collect, (3) to communicate (in a capacity to understand questions and to furnish intelligent answers), and (4) to appreciate the necessity of telling the truth. She cannot testify facts that Emilio Castillo allegedly used to have before he lost his competency or memory and develop his mental condition. Plaintiffs requests that she never be allowed to testify regarding those matters.

9. An opponent's failure to disclose information or documents could be excluded in motion to strike evidence for the failure to disclose(See Exhibit A, page 4, interrogatory #2; Exhibit B, page #2, answer to interrogatory number 2). Federal Rules of Civil Procedure, Rule 37 ( c ) (1) and Cook v. Rockwell Int'l. 181 F.R.D. 473, 488(D. Col. 1998). Francisco Santos Falcon was never disclosed as witness in the case, prior to October 24, 2005; and neither disclose the brief and general statement as to the testimony of all witnesses as required by Civil Local Rule 16(d) (5) and (7); that is the reason why defendants request this motion to strike all the witnesses.

10. Very respectfully a preliminary fact determination must be made by the Honorable Judge pursuant to Federal Rules of Evidence, Rule 104(a). In United States v. Eskow, 422 F.2d 1060(2d Cir. 1979), cer. Denied, 398 U.S. 959(1970); states "the trial judge, as distinguished from the jury, is required to make the initial determination of preliminary issues upon which the competency of evidence. Plaintiffs request a motion to voir dire Emilio Castillo at trial if he is not excluded before. This voir dire is requested without the presence of the jury. Federal Rules of Evidence, Rule 602; states that a witness may not testify unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Mr. Castillo cannot comply with this due to his condition. State vs. Cabral, 122 R.I. 623, 410 A.2d 438(1990); a witness is not competent to testify at trial if he or she is unable (1) to observe, (2) to collect, (3) to communicate (in a capacity to understand questions and to furnish intelligent answers), and (4) to appreciate the necessity of telling the truth.

**WHEREFORE**, Plaintiffs very respectfully request this Honorable Court to exclude at trial defendants' witnesses; or to limit the testimony of Mercedes Rosado at trial to the facts she has personal knowledge; to prohibit defendants, their lawyers and to defendants' witnesses referring to the allege testimony of the other witnesses at trial. Furthermore, if the

Honorable Court will determine the admissibility of the testimony of Emilio Castillo at the trial, plaintiffs request to voir dire Emilio Castillo pursuant to Federal Rules of Evidence, Rule 104(a) without the presence of the jury.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY:** I hereby certify that on 21 day of November, 2005 I electronically filed the foregoing with the Clerk of the Court, using CM/ECF system which will send notification of such filing: laaparicio@justicia.gobierno.pr, rurorodriguez@justicia.gobierno.pr, joestades@justicia.gobierno.pr, josgonzalez@justicia.gob.pr, and lavyaparicio@yahoo.com.

In San Juan, Puerto Rico, this 21 day of November, 2005.

s/ Glenn Carl James
Glenn Carl James
Attorney for Plaintiffs
USDC-PR 207,706
JAMES LAW OFFICE
PMB 501
1353 Rd. 19
Guaynabo, PR 00966-2700
Tel.(787)763-2888
Fax:(787)763-2881
E-mail:
jameslawoffices@centennialpr.net