IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MARIA ALSINA ORTIZ, AND/OR THE ESTATE OF MR. ORLANDO OCASIO ALSINA COMPOSE OF MARIA ALSINA ORTIZ | * * * * * | CIVIL NO. 98-1893 (SEC) |
| PLAINTIFFS | * * | PLAINTIFFS DEMAND TRIAL |
| VS. | * * | BY JURY |
| MS. ZOE LABOY IN HER PERSONAL CAPACITY, JOHN DOE IN HIS PERSONAL CAPACITY AND THE CONJUGAL PARTNERSHIP OR COMMUNITY PROPERTY CONSTITUTED BETWEEN ZOE LABOY AND JOHN DOE; MR. SIXTO MARRERO IN HIS PERSONAL CAPACITY, JANE DOE IN HER PERSONAL CAPACITY, AND THE COMMUNITY PROPERTY OR CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN SIXTO MARRERO AND JANE DOE; MS. AIDA GUZMAN IN HER PERSONAL CAPACITY, BILL DOE IN HIS PERSONAL CAPACITY AND THE CONJUGAL PARTNERSHIP OR COMMUNITY PROPERTY CONSTITUTED BETWEEN MS. AIDA GUZMAN AND BILL DOE; MR. EMILIO CASTILLO IN HIS PERSONAL CAPACITY, MERCEDES ROSADO IN HER PERSONAL CAPACITY AND THE COMMUNITY PROPERTY OR CONJUGAL PARTNERSHIP CONSTITUTED BETWEEN EMILIO CASTILLO AND MERCEDES ROSADO; DOCTOR ILEANA TORRES ARROYO IN HER PERSONAL CAPACITY, JOE DOE IN HIS PERSONAL CAPACITY, | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |

```
AND THE COMMUNITY PROPERTY    *
OR CONJUGAL PARTNERSHIP       *
CONSTITUTED BETWEEN JOE DOE   *
AND DOCTOR ILEANA TORRES;     *
DOCTOR ERNESTO TORRES ARROYO  *
IN HIS PERSONAL CAPACITY,     *
OLGA I. MENDEZ FLORES IN      *
HER PERSONAL CAPACITY,        *
AND THE CONJUGAL PARTNERSHIP  *
OR COMMUNITY PROPERTY         *
CONSTITUTED BETWEEN DOCTOR    *
ERNESTO TORRES ARROYO AND     *
OLGA I. MENDEZ FLORES;        *
X, Y and Z INSURANCES         *
COMPANIES; CLARK DOE, ROBERT  *
DOE; AND JAKE DOE             *
                              *
DEFENDANTS                    *
                              *
* * * * * * * * * * * * * * * *
```

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO: EMILIO CASTILLO IN HIS PERSONAL CAPACITY, MERCEDES ROSADO IN HER PERSONAL CAPACITY AND/OR THE COMMUNITY PROPERTY OR CONYUGAL PARNERSHIP CONSTITUTED BETWEEN EMILIO CASTILLO AND MERCEDES ROSADO BY HIS LEGAL REPRESENTATION, LIZZIE M. PORTELA, ESQ.

FROM: PLAINTIFFS THROUGH ATTORNEY OF RECORD GLENN CARL JAMES

**COME NOW**, plaintiffs through their undersigned counsel and respectfully submit the following interrogatory to co-defendants, Sixto Marrero in his personal capacity, to be answered under oath within the next 30 days pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedures. Plaintiffs will request sanctions if

2

the interrogatories are not answered and documents not produced in compliance with the rules.

These interrogatories are deemed continuing until trial. If any information sought by these interrogatories is learned of or obtained after they have been answered, or if the answers for any reason shall later become incorrect or incomplete, there shall be a continuing duty to the time of trial on the party answering these interrogatories, to formally supplement any answers previously submitted pursuant to Federal Rule of Civil Procedure, Rule 26, (e), and other Federal case.

Plaintiffs hereby notify to Co-defendant that its duty to respond includes the duty to provide answers concerning records, documents, and things not in the Defendant's physical possession, but which you can obtain from sources under the Defendant's counsel.

## INTERROGATORIES

1. Please identify yourself fully, giving your full name and business address, and occupation or title, social security, birth date, and the office you hold. If you have a spouse, state your date of a marriage, address, social security number and occupation.

2. Identify the names, last known addresses, a concise statement of their testimonies and occupations of all witnesses who you intend to use at trial.

3. Do the Bayamon Correctional Complex, and/or any other state correctional institution maintain in the regular course of operation, a record of Mr. Orlando Ocasio Alsina. If so, state the name and address of the person who made the entries in the record, from November 6, 1997 to May 31, 1998.

4. Did Mr. Orlando Ocasio Alsina, a family member from Mr. Orlando Ocasio Alsina, and/or an employee working at the Bayamon Correctional Complex, ever requested or notified you, or anyone employed by or representing the stated correctional complex, to provide to Mr. Ocasio Alsina medical assistance due to his illness and/or the head injury.

5. If so, for each request, state:

    a. The name and address of the person to whom the request was made including his job title or capacity.

    b. The date

    c. The substance of any reason given by plaintiff for making the request.

   d. Whether the person to whom the request was made indicated that protection would be afforded

   e. A description of each precaution taken to protect the plaintiff.

 6. Describe the infirmary at the Bayamon Correctional Complex, including the number of beds, doctors and medical equipment from November 6, 1997 to January 2, 1998.

 7. When Mr. Orlando Ocasio Alsina was sick and/or injured, what was the procedure that must be followed to be examined by a neurosurgeon, neurologist, and/or infectologist.

 8. When inmates have medical problems which cannot be treated at the prison, where are they sent for treatment?

 9. Could Mr. Orlando Ocasio Alsina leave for outside treatment? Give details.

 10. Identify any and all documents you plan to introduce into evidence at the trial of this matter in support of any claim or defense identified in your answer to the complaint.

 11. List the names and addresses of each physician or other capable individual employed and/or present to provide medical attention to persons detained at the jail barracks from November 8, 1997 to January 2, 1998 at the Bayamon Correctional Complex.

12. Describe the procedures or guilines utilized by the Bayamon Correctional Complex to instruct correctional officers and other prison personnel in procedures to be followed:

    a. in the event an inmate such as the plaintiff sustains an injury while incarcerated

    b. in the event an inmate at the jail baracks for medical attention while they are detained;

    c. in permitting prisoners to use hospitals outside of the correctional complex.

13. State whether there exists any document that sets forth the procedures or guidelines set forth in the preceding interrogatory, if so, identify the name and address of the custodian.

14. State whether Mr. Orlando Ocasio Alsina and/or another person requested medical attention for Mr. Orlando Ocasio Alsina on or after November 8, 1997, and if so, state the following:

    a. the lengh of time after the incident that he made the request;

    b. the name and address of the person to whom the Mr. Orlando Ocasio Alsina or another person made the request;

    c. the actions taken by you or your representatives in response to Mr. Orlando Ocasio Alsina aforesaid request; and

d. the location where Mr. Orlando Ocasio Alsina and/or a person on behalf Mr. Ocasio made the request for medical treatment.

**I HEREBY CERTIFY**: That a true and exact copy of this document has been sent by certified mail with return receipt to: Leticia Ramirez Rangel, Esq., Federal Litigation Division, Department of Justice, P.O. Box 9020192, San Juan, P.R. 00902-0192 and Lizie M. Portela, Esq., P.O. Box 13667, San Juan, P.R. 00908-3667.

In San Juan, Puerto Rico, this 14 day of February 2000.

JAMES LAW OFFICES
La Torre de Plaza, Suite 617
525 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918
Tel. 763-2885/763-2888
Fax. 763-2881

Glenn Carl James
USDC-PR 207,706