IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA ALSINA ORTIZ, ET AL.

    Plaintiffs

vs.

ZOE LABOY, ET AL.

    Defendants

CIVIL NO. 98-1893 (CCC)

## CODEFENDANT SIXTO MARRERO'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:   Plaintiff María Alsina Ortiz, on her own behalf and as heir to decedent Orlando Ocasio Alsina, through her counsel of record **Glenn Carl James**, La Torre de Plaza, Suite 617, 525 F.D. Roosevelt Avenue, San Juan, Puerto Rico 00918; and to **Pierre E. Vivoni**, Esq., Vivoni Rodríguez & Canals, 70 Ruiz Belvis St. (Altos), Caguas, Puerto Rico 00725

Codefendant Sixto Marrero answer Plaintiffs' First Set of Interrogatories as follows:

1. **Interrogatory No. 1 is answered as follows:**

    | | |
    |---|---|
    | Full Name: | Sixto Marrero-Rodríguez |
    | Business Address: | Complejo Correccional de Río Piedras, P.O. Box 29086, Río Piedras, Puerto Rico 00928-0086 |
    | Title: | Regional Director, Eastern Region, Administration of Corrections |
    | Social Security: | 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. |
    | Spouse Name: | Cándida Rosa Ortiz-Zayas |
    | Married: | May 1987 |
    | Address: | 254 Río Tanama Street, Montecasino Height Dev., Toa Alta, Puerto Rico 00953-3766 |
    | Social Security: | 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 |
    | Occupation: | Licensed Nurse 13164 |

2

2.  **Interrogatory No. 2 is answered as follows:**

My attorney informs me that the witnesses to be called at trial will be the defendants in this case. If any other witnesses are to be called, this answer will be duly supplemented.

3.  **Interrogatory No. 3 is answered as follows:**

The last custodian of official records of Mr. Orlando Ocasio-Alsina is the Criminal Records Office, located at the Correctional Penitentiary of San Juan, where the deceased was last incarcerated.

I have no personal knowledge of who made the entrees on November 6, 1997 through May 31, 1998. In any case, I already produced the criminal records of Orlando Ocasio-Alsina, covering that time period, on March 10th, 2000 during my deposition.

4.  **Interrogatory No. 4 is answered as follows:**

Due to the length of time that has elapsed from his incarceration in October 1997, to this date, March 17th, 2000, I have no recollection of any request from him, family member or any correctional staff of the Administration of Corrections, to provide medical assistance to Mr. Orlando Ocasio-Alsina. I was informed that he was provided medical attention on November 8, 1997, after his participation in a riot, at Bayamón 308, Máxima II, through reports submitted on the incident and the preliminary investigation.

5.  **Interrogatory No. 5 (a) through (e) is answered as follows:**

Not applicable. See answer to Interrogatory Number 4.

6. **Interrogatory No. 6 is answered as follows:**

The infirmary located at the Bayamón Metropolitan Institution 308, to the best of my knowledge, was a primary evaluation area which had:

   a. holding cell

   b. nurse station

   c. physician examining room

   d. pharmacy

   e. dental area

   f. treatment station (first aid, curative, etc.)

   g. x-ray room

I cannot specify how many doctors, equipment or nurses were assigned, but I do know that there was medical staff assigned to attend the inmates. I can also remember, that there were no beds.

7. **Interrogatory No. 7 is answered as follows:**

He would have to request an appointment through a procedure named "Sick Call", where medical staff distribute slips and fill a form requesting medical attention. The inmate could be escorted from the dormitory or cell areas to the infirmary by an officer or be permitted to travel through the institution to the medical area.

8. **Interrogatory No. 8 is answered as follows:**

They were referred to receive out-patient treatment at emergency rooms in the:

4

    a.    Bayamón Regional Hospital, or

    b.    Río Piedras Medical Center

9.    **Interrogatory No. 9 is answered as follows:**

Yes, Mr. Orlando Ocasio-Alsina could leave for outside treatment if ordered by the medical staff (doctors).

10.    **Interrogatory No. 10 is answered as follows:**

I have been informed by my attorney that the determination of which documents will be used at trial has not been made. However, they could include any of the following:

    a.    Criminal Record of Orlando Ocasio-Alsina

    b.    Sociopenal Record of Orlando Ocasio-Alsina

    c.    Written reports on the riot incident

    d.    Transfer letters of when I was assigned to Bayamón and when I was returned to Río Piedras

    e.    Description Form of Duties and Responsibilities of a Warden/Superintendent

    f.    Post orders of specific section of the institution where Orlando Ocasio-Alsina was incarcerated.

    g.    Medical Records of Orlando Ocasio-Alsina

11.    **Interrogatory No. 11 is answered as follows:**

This list can only be provided by the Correctional Health Department.

5

12. **Interrogatory No. 12 (a) through (c) is answered as follows:**

The training is offered to correctional officers at the Academy for Correctional Officers. Cadets receive the training once they are recruited by the Administration of Corrections. A yearly retraining and certification is required of all correctional staff below warden.

13. **Interrogatory No. 13 is answered as follows:**

See Answer to Interrogatory Number 2.

14. **Interrogatory No. 14 (a) through (d) is answered as follows:**

I have no recollection of such request due to the time that has elapsed since November of 1997.

## VERIFICATION

I, Sixto Marrero-Rodriguez, of legal age, married, Regional Director of the Administration of Correction, and resident of Toa Alta, Puerto Rico, solemnly attest and swear to the following:

1. That my name and personal circumstances are the aforementioned; and

2. That the foregoing answers to these interrogatories are true and correct to the best of my knowledge, information and belief.

In San Juan, Puerto Rico, this 17th of March, 2000.

SIXTO MARRERO RODRIGUEZ

6

Affidavit No. -682-

Sworn and subscribed to before me by Sixto Marrero-Rodríguez of the aforestated personal circumstances and who duly identified himself to me through his Puerto Rico Drivers License No. 1764283.

In San Juan, Puerto Rico this 17th day of March 2000.



NOTARY PUBLIC