IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA ALSINA ORTIZ, et al.,
AND/OR THE ESTATE OF MR.
ORLANDO OCASIO ALSINA COMPOSED
BY MARIA ALSINA ORTIZ,

Plaintiffs,

v.

MS. ZOE LABOY IN HER PERSONAL
CAPACITY, JOHN DOE IN HIS
PERSONAL CAPACITY AND, et al.,

Defendant.

CIVIL NO. 98-1890 (JAG)

PLAINTFFS DEMAND JURY TRIAL

## DEFENDANT'S SPECIAL PROPOSED JURY INSTRUCTIONS

**TO THE HONORABLE COURT:**

**COME NOW**, defendants, through the undersigned attorney and very respectfully submits the following proposed jury instructions attached to this motion and listed herein by making reference:

I.      Province of the Court.

II.     First Recess.

III.    Publicity During Trial.

IV.     Bench Conference and Recesses.

V.      Instructions apply to each party.

VI.     Court's Comments on Evidence.

VII.    "If you find", or "If you decide".

VIII.   Evidence-Direct-Indirect or Circumstantial.

IX.     Inferences defined-Presumption of Regularity-Ordinary Course of Business-Obedience to Law.

X.	Number of Witnesses.

XI.	Single Witness.

XII.	Credibility of Witnesses-Discrepancies in Testimony.

XIII.	Impeachment by Inconsistent Statements or Conduct-Falsus in uno Falsus omnibus.

XIV.	Effect of prior inconsistent statement or conduct-by a witness not a party-by a party.

XV.	Credibility of witnesses-the refusal of witnesses to answer.

XVI.	Preponderance of the Evidence.

XVII. Burden of Proof When only Plaintiff has Burden.

XVIII. Eighth Amendment Violation- Denial of Medical Care.

XIX.	Fourteenth Amendment – Due Process Clause.

XX. Serious Medical Need Definition.

XXI.	Deliberate Indifference.

XXII.	Credibility of Witnesses.

XXIII.	Consideration of the Evidence

XXIV. Limiting Instruction

XXV.	Expert Witnesses

XXVI.	Validity of Official Action

XXVII.	Consider damages only if necessary

XXVIII. Conduct and Damages Separate and Distinct Issue

XXIX.	Damages injury in fact

XXX.	Damages-Proximate causation

XXXI.	Compensatory damages

XXXII.	Punitive Damages

XXXIII.  Mitigation of Damages

XXXIV.  Damages-Reasonable-Not Speculative

XXXV.  Effect of instructions as to damages

XXXVI.  Verdict-Unanimous-Duty to Deliberate

XXXVII.  Election of Foreperson-General Verdict

XXXVIII.  Verdict form-Jury's Responsibility

XXXIX.  Communication between Court and Jury during Jury's deliberations.

**I HEREBY CERTIFY** that on the 22nd day of November 2005, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will sent notification of such filing to the attorneys of record.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 22nd day of November 2005.

**ROBERTO J. SANCHEZ RAMOS**

Secretary of Justice

**ARLENE GARDON RIVERA**

Assistant Attorney General
In Charge of Litigation

**JO-ANN ESTADES BOYER**
Director of the Federal Litigation Division

S/Lavy Aparicio López
**LAVY  APARICIO LOPEZ**
Attorney at Law
USDC-PR Bar No. 219503

**Department of Justice of the
Commonwealth of Puerto Rico**
P.O. Box 902192
San Juan Puerto Rico 00902-0192

Tel. (787) 721-2900 Ext. 2615
Fax: No. (787) 723-9188
E-Mail: laaparicio@justicia.gobierno.pr

## DEFENDANT'S PROPOSED JURY INSTRUCTION I

### PROVINCE OF THE COURT

**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as standing the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. It is not my function to determine the facts, but rather yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

--------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 71.01(4th       ed. 1987)

**DEFENDANT'S PROPOSED JURY INSTRUCTION II**

**FIRST RECESS**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) U.S. Fifth Circuit District Judges Association   (1992); Instruction No. 2.1

## DEFENDANT'S PROPOSED JURY INSTRUCTION III

### PUBLICITY DURING TRIAL

If there is publicity about this trial, you must ignore it.  You must decide this case only from the evidence presented in the trial.  Do not read anything or listen to any TV or radio programs about the case.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) U.S. Fifth Circuit District Judges Association   (1992); Instruction No. 2.6

**DEFENDANT'S PROPOSED JURY INSTRUCTION IV**

**BENCH CONFERENCES AND RECESSES**

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that does not involve the jury.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) U.S. Fifth Circuit District Judges Association   (1992); Instruction No. 2.7

**DEFENDANT'S PROPOSED JURY INSTRUCTION V**

**INSTRUCTIONS APPLY TO EACH PARTY**

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

--------------------

Source:  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 71.02   (4th. ed. 1987)

## DEFENDANT'S PROPOSED JURY INSTRUCTION VI

### COURT'S COMMENTS ON EVIDENCE

The law of the United States permits the judge to comment to the jury on the evidence of the case. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

--------------------

Source:  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 71.11    (4th. ed. 1987)

## DEFENDANT'S PROPOSED JURY INSTRUCTION VII

## "IF YOU FIND", OR "IF YOU DECIDE"

When I say these instructions that a party has the burden of proof of any proposition, or use the expression "if you find", or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true that not true.

--------------------

Source:  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 72.02    (4th. ed. 1987)

## DEFENDANT'S PROPOSED JURY INSTRUCTION VIII

## EVIDENCE-DIRECT-INDIRECT OR CIRCUMSTANTIAL

There are, generally speaking, two types of evidence form, which a jury may properly find the truth as to the facts of a case. One is direct evidence-such as the testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

--------------------

Source:  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 72.03   (4th. ed. 1987)

## DEFENDANT'S PROPOSED JURY INSTRUCTION IX

## INFERENCES DEFINED-PRESUMPTION OF REGULARITY-ORDINARY COURSE OF BUSINESS-OBEDIENCE TO LAW

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts, which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

--------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 72.04   (4th. ed. 1987)

**DEFENDANT'S PROPOSED JURY INSTRUCTION X**

**NUMBER OF WITNESSES**

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses, which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence, which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

 --------------------

Source:  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 72.13   (4th. ed. 1987)

**DEFENDANT'S PROPOSED JURY INSTRUCTION XI**

**SINGLE WITNESS**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

 --------------------

Source:  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 72.14   (4th. ed. 1987)

**DEFENDANT'S PROPOSED JURY INSTRUCTION XII**

**CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence, which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

-------------------------

Source:  3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u> Section 73.01   (4th ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XIII**

**IMPEACHMENT-INCONSISTENT STATEMENTS
OR CONDUCT-FALSUS IN UNO FALSUS OMNIBUS**

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

----------------------

Source: 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Section 73.04 (4th         ed. 1987).

## DEFENDANT'S PROPOSED JURY INSTRUCTION XIV

## EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT-
## BY A WITNESS NOT A PARTY-BY A PARTY

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

------------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u> Section 73.09 (4th        ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XV**

**CREDIBILITY OF WITNESSES-**
**THE REFUSAL OF WITNESS TO ANSWER**

The law requires that every witness answer all proper questions put to him or her at trial, unless the Court that rules he or she is privileged to refuse to answer on Constitutional or other grounds.

The fact that a witness refuses to answer a question after being instructed by the Court to answer it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves.

-----------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u> Section 15.11 (4th        ed. 1992).

## DEFENDANTS' PROPOSED JURY INSTRUCTION XVI

## PREPONDERANCE OF THE EVIDENCE

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

 (As to certain affirmative defenses, which will be discussed later in these instructions, however, the burden of establishing the essential facts by a preponderance of the evidence is on the defendant, as I will explain).

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

--------------------

Source:  3 Devitt Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, Section 72.01, (4th          Ed, 1987).

22

**DEFENDANTS' PROPOSED JURY INSTRUCTION XVII**

**BURDEN OF PROOF WHEN ONLY PLAINTIFF
HAS BURDEN**

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth          Circuit, Instruction No. 2.20

## DEFENDANT'S PROPOSED JURY INSTRUCTION XVIII

## EIGHTH AMENDMENT VIOLATION - DENIAL OF MEDICAL CARE

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Plaintiff claims that defendant orison officials demonstrated deliberate indifference to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment constitutional rights.

In order to prove a violation under the Eighth Amendment, plaintiff must show that the defendant prison officials unnecessarily and wantonly inflicted harm on the plaintiff.

To show that plaintiff's Eighth Amendment rights were violated because plaintiff received inadequate medical care, plaintiff must prove that defendant prison officials exhibited deliberate indifference to plaintiff's serious medical needs. Accordingly, plaintiff must prove all of the following elements by a preponderance of the evidence:

First: That palintiff's had a serious illness or injury was serious, thereof, plaintiff had a serious need for [describe plaintiff's medical need, such as "treatment for…" or "pain medication"]

Second: That defendant prison officials were aware of plaintiff's serious need for such "medical care" [or "pain medication"];

Third: That defendant prison officials, with deliberate indifference to the illness or injury of plaintiff, failed to provide medical care needed

Fourth: Plaintiff was injured as a result of defendant prison officials' deliberate indifference to plaintiff's serious medical needs; and

Fifth: That defendant prison officials were acting under color of state law.

If plaintiff fails to prove any of these elements, you must find for the defendant prison officials.

The first element is to be examined objectively, focusing on the specific illness or injury and the reasonably foreseeable consequences to plaintiff of a deprivation of care or inadequate care. That is, would a

reasonable person acting under the same circumstances foresee that the conduct of the defendant prison officials would cause the harm plaintiff claims?

The second element is to be evaluated by a subjective analysis of the defendant prison officials and their state of mind.

--------------------

Source: O'Malley, Grenig, and Lee, 3B Fed. Jury Prac. & Instr. § 166.21 (5th ed.); Pattern Civ. Jury Instr. 5th Cir. S 10.6 (1999).

**DEFENDANT'S PROPOSED JURY INSTRUCTION X1X**

**FOURTEENTH AMENDMENT- DUE PROCESS CLAUSE**

In this case the plaintiff claims that the defendant, while acting under color of state law intentionally violated the plaintiff's right under the Constitution of the United States. Specifically, the plaintiff claims that

while the defendant was acting under color of state law as an employee of Correction's Administration, the defendant intentionally violated the plaintiff's right under the Fourteenth Amendment to the Constitution to due process of law.

More specifically, the plaintiff claims that the Defendants were deliberately indifferent to the plaintiff's serious medical need in violation of the plaintiff's right, [as a pretrial detainee], to necessary medical care and attention.

You are instructed that the due process of law clause of the Fourteenth Amendment does entitle anyone who is arrested and detained under state law to necessary medical care.  Thus, a correction officer would violate that constitutional right if the officer is deliberately indifferent to an inmate's serious medical need.

--------------------

Source: O'Malley, Grenig, and Lee, 3B Fed. Jury Prac. & Instr. § 166.21 (5th ed.); Pattern Civ. Jury Instr. 5th Cir. S 10.6 (1999).

## DEFENDANT'S PROPOSED JURY INSTRUCTION XX

## SERIOUS MEDICAL NEED

The following definition of "serious medical need" should be considered:  A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N. H. 1077); see also Johnson v. Busby, 953 F. 2d 349 (8th Cir. 1991).

-------------------

Source: O'Malley, Grenig, and Lee, 3B Fed. Jury Prac. & Instr. § 166.21 (5th ed.); Pattern Civ. Jury Instr. 5th Cir. S 10.6 (1999).

**DEFENDANTS' PROPOSED JURY INSTRUCTION XXI**

**DELIBERATE INDIFFERENCE**

You are instructed that under the Eighth Amendment to the Constitution of the United States, anyone who is convicted and detained under state law is entitled to necessary medical care, and a correction officer would violate that right if the officer is deliberately indifferent to an inmate's serious medical need. Stated another way, to be deliberately indifferent to an inmate's serious medical need amounts to the imposition of cruel and unusual punishment in violation of the Eighth Amendment.

Deliberate or intentional conduct on the part of the officer is required before any violation of the Constitution occurs. Mere negligence or lack of reasonable care on the part of the officer is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the plaintiff's constitutional rights through the infliction of cruel and unusual punishment.

In order to prevail on this claim the plaintiff must prove each of the following facts by a preponderance of the evidence:

First:  That the defendant intentionally committed acts that violated the plaintiff's constitutional right to be free of deliberate indifference to a serious medical need;

Second:  That in so doing the defendant acted "under color" of the authority of state law; and

Third:  That the defendant's acts were the proximate or legal cause of damages sustained by the plaintiff.

With regard to the third required element of proof—that the defendant's acts were the proximate or legal cause of damages sustained by the plaintiff—you are instructed that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

If you find for the plaintiff and against the defendant, you will then consider the plaintiff's claim for damages.

--------------------

Source: O'Malley, Grenig, and Lee, 3B Fed. Jury Prac. & Instr. § 166.21 (5th ed.); Pattern Civ. Jury Instr. 5th Cir. S 10.6 (1999).

## DEFENDANT'S PROPOSED JURY INSTRUCTION XXII

## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?"

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Basic Instruction No. 3 (1990).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXIII**

**CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence -such as testimony of an eyewitness.  The other is indirect or circumstantial evidence- the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth   Circuit, Instruction No. 2.18 (1992).

## DEFENDANT'S PROPOSED JURY INSTRUCTION XXIV

## LIMITING INSTRUCTION

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.  [Specific limiting instructions may be repeated as appropriate.]

--------------------

Source:     Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 2.15

## DEFENDANT'S PROPOSED JURY INSTRUCTION XXV

### EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -he is called an expert witness- is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

--------------------

Source:   Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 2.19.

## DEFENDANT'S PROPOSED JURY INSTRUCTION XXVI

### VALIDITY OF OFFICIAL ACTION

All necessary prerequisites to the validity of official action are presumed to have been complied with, and where the contrary is asserted it must be affirmatively shown.

--------------------

Source:  Lewis vs. United States, 279 U.S. 63(1929).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXVII**

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the plaintiff has proven his claim against the defendants by a preponderance of the evidence and you determine that defendants did not reasonably believe that they were acting by authority of a valid statute and in good faith, you must determine the damages to which the plaintiff is entitled.  You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the defendants are liable and that the plaintiff is entitled to recover money from the defendants.

--------------------

Source:   Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth Circuit, Instruction No. 15.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXVIII**

**CONDUCT AND DAMAGES SEPARATE AND DISTINCT ISSUE**

Conduct and damages are separate and distinct issues. To award damages you must find that defendants' conduct caused damages to the plaintiff. If defendants' conduct is not the direct, proximate or legal cause of plaintiff's damages, then no damages may be awarded. Damages may be awarded only if you find that defendants violated plaintiff's rights and that their conduct caused some injury to the plaintiff.

Conduct by a defendant that does not cause him harm does not entitle plaintiff to damages. By the same token, harm to the plaintiff, which is not the result of unlawful conduct by defendants, does not entitle him to damages.

--------------------

Source: McBride, <u>The Art of Instructions to the Jury</u>; Posser, on Torts, Proximate Cause; and Manual of Model Jury Instructions for the Ninth Circuit, 1985 Ed.

## DEFENDANT'S PROPOSED JURY INSTRUCTION XXIX

## DAMAGES INJURY IN FACT

You may award damages only for those injuries which you find plaintiff has proven, by a preponderance of evidence, to have been the direct result of conduct by defendants in violation of Section 1983. You must distinguish between, on the one hand, the existence of a violation of plaintiff's rights and, on the other hand, the existence of actual injuries proximately resulting from that violation. Thus, even if you find that defendants deprived plaintiff of his rights, you must ask whether plaintiff has proven that the deprivation caused his actual damages.

Where no actual injury is proven, no compensatory damages can be awarded. Plaintiff cannot recover damages based upon the abstract value or importance of a constitutional right. Actual damages must be based on the evidence presented at trial, and only on that evidence; they must not be based on speculation or sympathy.

--------------------

Source:  Memphis Community School Dist. vs. Stachura, 106 S. Ct. 2535 (1986); Smith vs.    Wade, 461 U.S. 30 (1983).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXX**

**DAMAGES - PROXIMATE CAUSATION**

You are not to award damages for any injury or condition from which a plaintiff may have suffered or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the action in question.

------------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 85.15 (4th        ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXXI**

**COMPENSATORY DAMAGES**

If you find that defendants are liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole -that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of her injury. If the plaintiff wins, he is entitled to compensatory damages for the pain and suffering, mental anguish, shock and discomfort that she has suffered because of the defendants' conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

--------------------

Source: Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth        Circuit, Instruction No. 15.2

## DEFENDANT'S PROPOSED JURY INSTRUCTION XXXII

## PUNITIVE DAMAGES

If you find that the defendants are liable for the plaintiff's injuries, you must award the plaintiff the compensatory damages that he has proven.  You may also award punitive damages, if the plaintiff has proved that the defendants acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others.  One person acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the defendants' conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish the defendants for shocking conduct, and to deter the defendants and others from engaging in similar conduct in the future.  The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages.  You may consider the financial resources of the defendants in fixing the amount of punitive damages.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth
Circuit, Instruction No. 15.13

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXXIII**

**MITIGATION OF DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate, that is, to avoid or minimize those damages.

If you find the defendants are liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage, which he could have avoided through reasonable effort.  If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny his recovery for those damages, which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendants have the burden of proving the damages, which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants have satisfied their burden of proving that the plaintiff's conduct was not reasonable.

--------------------

Source:  Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Fifth        Circuit, Instruction No. 15.15

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXXIV**

**DAMAGES - REASONABLE - NOT SPECULATIVE**

Awards of damages must be reasonable.  If you should find that plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such damages.

You are not permitted to award speculative damages, those based on guesswork.  You may only award such damages as will put them in the same condition as they were before the incident leaving them no worse off and no better of then if the violation had never occurred.

--------------------

Source:  Adapted from 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u>     Section 85.14 (4th ed. 1987).

41

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXXV**

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

----------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 74.02 (4th        ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXXVI**

**VERDICT-UNANIMOUS-DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

----------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u> Section 74.01 (4th        ed. 1987).

### DEFENDANT'S PROPOSED JURY INSTRUCTION XXXVII

### ELECTION OF FOREPERSON-GENERAL VERDICT

Upon retiring to the jury room, you will select one of your members to act as your Foreperson.  The Foreperson will preside over your deliberations, and will be your spokesman here in Court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to each answer, you will have your Foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

----------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 74.04 (4th        ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXXVIII**

**VERDICT FORM--JURY'S RESPONSIBILITY**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

-----------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 74.07 (4th        ed. 1987).

**DEFENDANT'S PROPOSED JURY INSTRUCTION XXXIX**

**COMMUNICATION BETWEEN COURT AND
JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your Foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to a person -not even to the Court - how the jury stand numerically or otherwise, on the question before you, until after you have reached a unanimous verdict.


------------------------

Source: 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Section 74.08 (4th ed. 1987).