**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| MARÍA ALSINA ORTIZ, ET. AL. | * | CIVIL NO. 98-1893 (JAG) |
| AND/OR THE ESTATE OF MR. | * | |
| ORLANDO OCASIO ALSINA | * | |
| COMPOSE OF MARÍA ALSINA | * | |
| ORTIZ | * | |
| | * | PLAINTIFFS DEMAND TRIAL |
| PLAINTIFFS | * | |
| | * | BY JURY |
| VS. | * | |
| | * | |
| MS. ZOE LABOY IN HER PERSO- | * | |
| NAL CAPACITY, JOHN DOE IN | * | |
| HIS PERSONAL CAPACITY AND, | * | |
| ET. ALS. | * | |
| | * | |
| DEFENDANTS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S FOURTH MOTION IN LIMINE AND MOTION TO STRIKE**
**REGARDING DEFENDANTS' EXPERT WITNESS AT TRIAL**

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiffs through their undersigned attorney, and respectfully state and pray:

1. Plaintiff never received from defendants the expert written report of Glenn Garayalde(see Exhibit C attached to this document, paragraph 1, states that as soon as the expert report is available it will be served upon plaintiff, but it was never served). Neither, his curriculum vitae had the requirements of Rule 26. The curriculum vitae does not have the publications, cases in which he had testify and neither his fee(Exhibit D). The intention of Congress is very clear regarding the

requirements of Rule 26. Defendants did not comply with any of the requirements of Rule 26. The non-compliance of all of the requirements of Rule 26 regarding the expert cannot be justified. It is extremely important for plaintiff to obtain the disclosures in order to prepare for trial in order to ask questions in a voir dire, to impeach him, and to file a motion in limine because his testimony is inadmissible pursuant to Rules 701-705. It could help plaintiffs to win their case, if they would have been provided the disclosures. It is extremely harmful the fact that they were not provided.

2. Plaintiffs requested to defendants the expert report(see Exhibit A, page 16, production 26 and Exhibit C, page 1, paragraph 1). At the Joint Proposed Pretrial iled on July 20, 2000, page 196, paragraph j, plaintiff objects because the expert report; and curriculum vitae requirements were not disclosed and at the Joint Proposed Pretrial Order filed at docket 306, page 69 plaintiff also objects for not providing the expert report and requirements of curriculum vitae.

3. The Trial is scheduled on November 28, 2005, at 9:00a.m. Because the Trial is scheduled on November 28, 2005 the Federal Rules of Civil Procedure, Rule 26(a)(2)(C) applies in this case.

4. Federal Civil Procedure Rule, Rule 26(a)(2)(C); states:

"**These disclosures shall** be made at the times and in the sequence directed by the court. **In the absence of other directions from the Court** or stipulation by the parties, the disclosures **shall be made at least 90 days before trial date** ……………… or, if the evidence is intended solely to contradict or rebut evidence on the same date subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party…."

Also, see Callahan vs. 182 F.3d 237(3rd Cir. 1999) and School Board of Collier County, Florida vs. K.C. et. als., 285 F.3d 977(11th Cir. 2002).

5.    Rule 26(a)(2)(C) make reference that the disclosures of Rule 26(a)(2)(B) shall be made 90 days before trial and if it is to rebut or contradict 30 days after disclosures of other party.

6.    Rule 26(a)(2)(B) states:

"……………..The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authorized by the witness within the preceding ten years; the compensation to be paid for the study the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

7. **Rule 26(a) does not require an order from the Honorable Court when an automatic discovery is violated, triggering Federal Civil Procedure Rule, Rule 37(c). Ortiz-Lopez vs. Sociedad Espanola de Auxiluo Mutuo y Beneficiencia de Puerto Rico, 248 F.3d 29, 31(1st Cir. 2001).**

8. An In Limine order not only excludes inadmissible evidence, but it also prohibits the parties or their lawyers referring to such evidence. Benedi v. McNeal PPC, Inc. 66 F.3d 1378(4th Cir. 1995).

9. This motion in limine and the others filed at dockets 315 and 316 are filed during this week because defendants provided their part of the joint pretrial order on October 26, 2005.

10. A motion to strike undisclosed evidence can be used to prohibit or limit testimony by opposition's expert witness. Cook v. Rockwell Int'l, 181 F.R.D. 473, 488(D. Col. 1998). Furthermore, a late production of an expert report can be excluded pursuant to Yeti By Molly Limited v. Deckers Outdoor Corporation, 259 F.3d 1101(9th Cir. 2001). Plaintiffs argue that undisclosed information required by the Federal Civil Procedure Rules justify the exclusion of the expert witnesses.

11. An opponent's failure to disclose information or documents could be excluded in motion to strike evidence for the

failure to disclose. Federal Rules of Civil Procedure, Rule 37 ( c ) (1) and Cook v. Rockwell Int'l. 181 F.R.D. 473, 488(D. Col. 1998).

12. Very respectfully a preliminary fact determination must be made by the Honorable Judge pursuant to Federal Rules of Evidence, Rule 104(a); if he ever testify at trial. In United States v. Eskow, 422 F.2d 1060(2d Cir. 1979), cer. Denied, 398 U.S. 959(1970); states "the trial judge, as distinguished from the jury, is required to make the initial determination of preliminary issues upon which the competency of evidence. Plaintiffs request a motion to voir dire Glenn Garayalde, at trial if he is not excluded before. This voir dire is requested without the presence of the jury.

13. Plaintiff never received within 90 days before trial or within the 30 days period if intended to rebut or contradict the expert report of Glenn Garayalde. Defendants never justified the failure to not provide the disclosures.

14. Also, plaintiff objects to the use of doctor Glenn Garayalde-Cotroneo based on that his opinion is not supported by reliable methodologies and reasoning, his testimony should be excluded as speculative. Schneider v. Fried, 320 F.3d 396(3rd Cir. 2003). He cannot testify as to the cause of death of Orlando Ocasio Alsina, he never perform any testing with the evidence that exists at the Forensic Institute, neither examined

the decedent. In Washigton v. Armstrong World industries, Inc., 839 F.2d 1121, 1123(8th Cir. 1998); it is a wrongful death case. The decedent's widow alleged that her husband's death resulted from never examined the decedent, but relied solely upon examinations performed by others in reaching his conclusion. The trial court concluded that the medical expert testimony was pure speculation and fundamentally unreliable and excluded the testimony under Federal Rule Evidence Rule 703. The opinion was lacking in reliability and probative value because it was based on possibilities that might exist. The Court may inquire into the reliability and foundation of any expert's opinion to determine its admissibility. In Solorio vs. United States, No. 02-4227, 85 Fed. Approx. 705, 2004 WL 65295(10th Cir. Jan. 15, 2004); states that in a wrongful death case for an accident caused by a government vehicle, the testimony of a neurologist regarding the timing of a seizure suffered by the driver of the vehicle was properly excluded in a summary judgment proceding. This expert should be excluded pursuant to Yeti By Molly Limted vs. Deckers Outdoor Corporation, 259 F.3d 1101 (9th Cir. 2001).

**WHEREFORE,** Plaintiffs very respectfully request this Honorable Court to exclude at  trial defendants' expert witness due to the none compliance with Federal Procedure Rule, 26(a)(2) (C) which requires the same disclosures of Rule 26(a)(2) before trial; or to limit the testimony of defendants' expert witness;

to prohibit defendants, their lawyers and or witnesses referring to the allege testimony of the expert witness. If the expert appears to testify at trial, plaintiff requests a preliminary determination under Rule 104(a), in order to voir dire the expert witness without the presence of the jury.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY:** I hereby certify that on 22 day of November, 2005 I electronically filed the foregoing with the Clerk of the Court, using CM/ECF system which will send notification of such filing: laaparicio@justicia.gobierno.pr, rurorodriguez@justicia.gobierno.pr, joestades@justicia.gobierno.pr, josgonzalez@justicia.gob.pr, and lavyaparicio@yahoo.com.

In San Juan, Puerto Rico, this 22 day of November, 2005.

s/ Glenn Carl James
Glenn Carl James
Attorney for Plaintiffs
USDC-PR 207,706
JAMES LAW OFFICE
PMB 501
1353 Rd. 19
Guaynabo, PR 00966-2700
Tel.(787)763-2888
Fax:(787)763-2881
E-mail:
jameslawoffices@centennialpr.net