IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA ALSINA ORTIZ, ET AL. <br><br> Plaintiffs <br><br> vs. <br><br> ZOE LABOY, ET AL. <br><br> Defendants | CIVIL NO. 98-1893 (SEC) |

### RESPONSE TO PLAINTIFFS' FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS

TO: Plaintiff María Alsina Ortiz, on her own behalf and as heir to decedent Orlando Ocasio Alsina, through her counsel of record **Glenn Carl James**, La Torre de Plaza, Suite 617, 525 F.D. Roosevelt Avenue, San Juan, Puerto Rico 00918.

Codefendants Zoé Laboy, Emilio Castillo and Sixto Marrero respond to Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Appearing defendants' responses shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence or that any statement or characterization in plaintiff's request is accurate or complete.

2. Appearing defendants object to any definition, request or instruction that purports to impose upon them any obligation not expressly provided for in the Federal Rules of Civil Procedure.

3. Appearing defendants object to these requests to the extent that they seek documents which are not in his possession, custody or control.

2

4. Appearing defendants object to these requests to the extent that they seek documents and things in a manner or format other than that in which they are maintained in the ordinary course of business, or readily available to appearing defendants.

## DOCUMENTS REQUESTED

1. **Response to Request No. 1 is the following:**

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. Despite the aforestated, codefendants will produce, pursuant to specific requests, all documents in their possession that are relevant and material to this case.

2. **Response to Request No. 2 is the following:**

Codefendants have not determined which documents they intend to use at trial. As soon as a detrmination has been made appearing defendants will duly supplement this discovery request. Notwithstanding, appearing codefendants understand that plaintiffs have had access to any and all documents relevant and material to this case, including those to be produced pursuant to this request, and any evidence used by appearing codefendants at trial should already in the possession of plaintiffs.

3. **Response to Request No. 3 is the following:**

Appearing codefendants object to this request insofar as it refers to allegations made by medical professionals of which they have no knowledge.

3

4. **Response to Request No. 4 is the following:**

Appearing defendants object to this request insofar as it should be directed at codefendants Dr. Elliot Melecio, Dr. Ernesto Torres, Dr. Ileana Torres and Dr. Aida Guzmán who are duly represented in this case.

5. **Response to Request No. 5 is the following:**

Appearing defendants do not have in their possession, nor are the custodians, of the CT Scans herein requested. The written results of November 12 and November 14, 1997 are joined hereto as Documents A and B.

6. **Response to Request No. 6 is the following:**

Appearing codefendants hereby produce, jointly with the medical defendants, the medical record of Orlando Ocasio Alsina at the Ramón Ruiz Arnau Hospital (consisting of 14 pages); and the medical records of Orlando Ocasio Alsina at the Correctional Health Program at the Department of Health (according to the certification, consisting of 322 pages). Plaintiffs already have in their possession, copy of which they produced to appearing defendants, the medical record of Orlando Ocasio Alsina at the Puerto Rico Medical Services Administration (consisting of 342 pages according to certification).

7. **Response to Request No. 7 is the following:**

Appearing codefendants object to this request insofar as Dr. Aida Guzmán is a defendant in this case and is duly represented by counsel. Hence, this request should be directed at her. Moreover, codefendants object to this request on the grounds that it

4

is overbroad, unduly burdensome and non-specific. Furthermore, the documents herein request are not relevant nor material to this case.

8. **Response to Request No. 8 is the following:**

Any and all medical documents in the possession of appearing defendants' counsel were produced in response to request number 6.

9. **Response to Request No. 9 is the following:**

Any and all medical documents in the possession of appearing defendants' counsel were produced in response to request number 6.

10. **Response to Request No. 10 is the following:**

Per information and belief, only the following inmates are still confined at institutions administered by the Administration of Corrections: Erick Diaz Dávila (Arecibo District Jail); Carmelo Román Hernández (Metropolitan Regional Institution, Bayamón 308); Nathaniel Mojica Reyes (CCA Ponce Adults). The following inmates are under the Parole Program: Javier del Valle Llopiz and Javier Rodríguez Torred. Appearing defendants are precluded from disclosing the residential address and telephone numbers of former inmates.

11. **Response to Request No. 11 is the following:**

See response to request number 10.

12. **Response to Request No. 12 is the following:**

See response to request number 6.

13. **Response to Request No. 13 is the following:**

See administrative investigation report and exhibits joined thereto. (Document C).

14. **Response to Request No. 14 is the following:**

Mr. Sixto Marrero already produced during his deposition the documents forwarded to him as a result of the riot of November 8, 1997 and related to Mr. Orlando Ocasio Alsina.

15. **Response to Request No. 15 is the following:**

See document prepared and produced by Mr. Sixto Marrero containing information about his secretaries. (Document D).

16. **Response to Request No. 16 is the following:**

All documents regarding the riot of November 8, 1997 were produced in response to request number 13.

17. **Response to Request No. 17 is the following:**

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina.

18. **Response to Request No. 18 is the following:**

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina.

19. **Response to Request No. 19 is the following:**

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina.

20. **Response to Request No. 20 is the following:**

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina.

21. **Response to Requests No. 21 is the following:**

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina.

22. **Response to Requests No. 22 is the following:**

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina.

23. **Response to Request No. 23 is the following:**

Defendant Sixto Marrero already produced during his deposition the criminal and sociopenal files of Orlando Ocasio Alsina at the Administration of Correction from October 1997 through May 1998. Nevertheless, copies of the files are produced again for plaintiffs counsel's perusal.

7

24. **Response to Request No. 24 is the following:**

See Medical and Mental Health Plan produced in response hereto. (Document E).

25. **Response to Request No. 25 is the following:**

Appearing defendants object this request insofar as it is directed and/or relates to a medical defendant who is duly represented in this case. Moreover, codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina.

26. **Response to Request No. 26 is the following:**

A determination as to whether an expert witness will be used at trial has not been made. The determination will be made in next three (3) days and will be duly notified to plaintiff's counsel.

27. **Response to Request No. 27 is the following:**

Any and all documents related to Mr. Orlando Ocasio Alsina have already been produced pursuant to other requests. Please refer to responses to request numbers 6, 13, 14, 23, 24 and in addition to response to request number 7 of production to pursuant to deposition "duces tecum" (see following section).

28. **Response to Request No. 28 is the following:**

8

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina.

29. **Response to Request No. 29 is the following:**

Appearing defendants object this request insofar as it is directed and/or relates to medical defendants which are duly represented in this case.

30. **Response to Request No. 30 is the following:**

See response to request number 24.

**RESPONSE TO REQUEST FOR PRODUCTION INCLUDED IN DEPOSITION "DUCES TECUM"**

1. **Response to Request No. 1 is the following:**

Codefendants do not dispute the fact that they are married. They will produce their marriage certificates only if necessary.

2. **Response to Request No. 2 is the following:**

Codefendant Sixto Marrero produced during his deposition copy of letters evidencing his position at the Administration of Correction between November 8, 1997 and May 11, 1998. As to defendant Zoé Laboy-Alvarado it has been admitted that, between November 8, 1997 and May 11, 1998, she was the Administrator of the Administration of Corrections. As to Mr. Emilio Castillo, he was at the time, Deputy Commander of the Guard at the Metropolitan Regional Complex at Bayamón (308).

3. **Response to Request No. 3 is the following:**

See response to request number 2.

9

4. **Response to Request No. 4 is the following:**

As to the duties of defendant Sixto Marrero, see Job Description of Superintendent I, produced in response to this request. (Document N). As to the duties of the Administrator of Corrections, see the Organic Act of the Administration of Corrections, Law No. 114 of July 22, 1974, as amended.

5. **Response to Request No. 5 is the following:**

See response to request number 2.

6. **Response to Request No. 6 is the following:**

See response to request number 15 of the Request for Production.

7. **Response to Request No. 7 a through 6 is the following:**

Codefendants object to this request on the grounds that it is overbroad, unduly burdensome and non-specific. In any case, the documents herein requested are not relevant nor material to the case of Orlando Ocasio Alsina. Nevertheless, appearing defendants produce the following documents:

    A. Minutes of Meeting held on July 31, 1997 to discuss Work Plan for 308 Institution. (Document F).

    B. List of Correctional Health Program personnel assigned to Bayamón institutions. (Document G).

    C. Memo of October 24, 1997 from Dr. Ernesto Torres to Medical Personnel regarding activities at medical areas. (Document H).

10

D.   October 17, 1997 memorandum regarding training of custodial officers. (Document I).

E.   Memorandum from Dr. Analid T. Diaz to Sra. Maritza Feliciano regarding problems found at medical areas. (Document J).

F.   Memo of October 2, 1997, from Mr. Sixto Marrero to all Superintendents (and others), regarding entrance and exit books at medical areas. (Document K).

G.   Memorandum of September 23, 1997 from Mr. Sixto Marrero regarding instructions to be followed during intake process. (Document L).

H.   Memorandum of September 15, 1997 from Mr. Sixto Marrero to Mrs. María de los Angeles Colón regarding memorandum by Dr. Aida Guzmán. (Document M).

I.   Post Orders from Bayamón Metropolitan Regional Institution for the following areas: Hospital, Maximum II-A(CC) and II-B(CC). (Documents O, P and Q).

J.   Contingency Plan for the Bayamón Correctional Complex dated September 29, 1997. (Document R).

K.   Letter of March 20, 1998, from Dr. Aida Guzmán to Dr. Ernesto Torres regarding the organization of the correctional health services. (Document S).

11

L.  Four certifications indicating that Orlando Ocasio Alsina did not file complaints at the institutions where he was confined in Bayamón (Document T).

I HEREBY CERTIFY, that on this date served a copy of the foregoing pleading by United States mail, properly addressed, and bearing first class postage to **Leticia Ramírez Rangel, Esq.**, Federal Litigation Division, Department of Justice, P.O. Box 9020192, San Juan, P.R. 00902-0192.

In San Juan, Puerto Rico, this 28th day of March 2000.

        SMITH & NEVARES
        Counsel for codefendants
        Zoé Laboy, Emilio Castillo and
        Sixto Marrero
        P.O. Box 13667
        San Juan, P.R. 00908-3667
        Telephone: (787) 722-9333
        Fax: (787) 721-8820

        Lizzie M. Portela
        USDC 208401