**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MARIA ALSINA ORTIZ, <u>et al.</u>,

    **Plaintiff**

        v.

ZOE LABOY, <u>et al.</u>

    **Defendants**

**CIVIL NO.** 98-1893 (JAG)

**JURY INSTRUCTIONS**

I.   <u>General Instructions</u>

    Members of the Jury:

    Now that you have heard all of the evidence and the argument of counsel, it is my duty to give you the instructions on the law applicable to this case.

    A.   <u>Jurors's Duty</u>

    As jurors, it is your duty to follow the law as I shall state it to you. It is also your duty to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law. Instead, you must consider the instructions as a whole.

    You are also <u>not</u> to be concerned with the wisdom of any rule of law that I state. Regardless of any opinion that you may have as to what the law is or should be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than

Civil No. 98-1893 (JAG)

the law as stated in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

B.    <u>Bias or Prejudice</u>

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or by sympathy or by public opinion. Both the parties and the public expect you to carefully and impartially consider all of the evidence in the case, to follow the law as stated by the Court, and to reach a just verdict regardless of the consequences.

C.    <u>Evidence</u>

As I stated earlier, it is your duty to determine the facts. In so doing, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and the stipulations agreed to by the parties.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are the most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

Civil No. 98-1893 (JAG)

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in light of your common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and the evidence in the case.

D.    Direct and Circumstantial Evidence

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence – direct evidence and circumstantial evidence.

Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what she saw, heard, or felt. In other words, when a witness testifies about what is known from her own personal knowledge by virtue of her own senses, what she sees, touches, or hears – that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may

Civil No. 98-1893 (JAG)

also be direct evidence when it can prove a material fact by itself, without any other evidence or inference.  You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself.  Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences.  There is a simple example of circumstantial evidence which is often used in the federal courts.

Let's say that when you got up this morning it was a nice, sunny day.  But when you looked around you noticed that the streets and sidewalks were very wet.  You had no direct evidence that it rained during the night.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine.  It is for you to decide how much weight to give to any evidence.

Inference from circumstantial evidence may be drawn on the basis of reason, experience, and common sense.  Inferences may not, however, be drawn by guesswork, speculation, or conjecture.  The

Civil No. 98-1893 (JAG)

law does not require a party to introduce direct evidence.  A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence.

    E.  <u>Credibility of Witnesses</u>

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You may believe everything a witness says, or only part of it, or none of it.

In deciding what to believe, you may consider a number of factors, including the following:  (1) the witness' ability to see, to hear, or to know the things the witness testified to; (2) the quality of the witness' memory; (3) the witness' manner while testifying; (4) whether the witness had an interest in the outcome of the case or any motive, bias, or prejudice; (5) whether the witness was contradicted by anything that the witness said or wrote before trial or by other credible evidence; and (6) how reasonable was the witness' testimony when considered in light of all the other evidence that you believe.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an important detail, and whether this error results

5

Civil No. 98-1893 (JAG)

from innocent error or intentional falsehood.

    F. <u>Impeachment</u>

A witness may be discredited or "impeached" (1) by contradictory evidence, (2) by a showing that he testified falsely concerning a material matter, or (3) by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then you may give the testimony of that witness such credibility or weight, if any, as you think it deserves.

    G.  <u>Burden of Proof</u>

The burden of proof is on the Plaintiff in a civil action. The Plaintiff has the burden to prove every essential element of her claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be  is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of

Civil No. 98-1893 (JAG)

all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

      H.  <u>Number of Witnesses</u>

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses, which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence, which does produce such belief in your minds. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

      I.  <u>Single Witness</u>

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Civil No. 98-1893 (JAG)

    J.   <u>Expert Witness</u>

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -he is called an expert witness- is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.  In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

    K. <u>Stipulated Facts</u>

The parties have agreed to certain facts:

    1.   Mr. Emilio Castillo is married to Ms. Mercedes Rosado and was married to her during November and December, 1997. During that period of time she was not a correctional system employee.

    2.   Maria Alsina Ortiz is the only inheritor of Orlando Ocasio Alsina.

    3.   Emilio Castillo was working as a correctional lieutenant officer at the Bayamon Correctional facilities of the

8

Civil No. 98-1893 (JAG)

Commonwealth of Puerto Rico during the period of time that Orlando Ocasio Alsina was an inmate there, from November to December, 1997.

4.    On November 8th, 1997 a riot occurred at the Bayamon Correctional Complex.

5.    During November and December 1997 Orlando Ocasio Alsina's family had been requesting for medical treatment for Orlando Ocasio Alsina.

6.    After January 2, 1998, Orlando Ocasio Alsina was transferred from Bayamon correctional facility to receive medical treatment and never return.

7.    The day after the November 8th 1997 riot, Ocasio alsina wrote a letter to his mother.

You should therefore treat these facts as having been proven.


II.  <u>Substantive Law</u>

1.   <u>42 U.S.C.A. § 1983</u>

Section 1983 of Title 42 of U.S.C.A. provides that any inhabitant of this District may seek redress in this Court, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation or custom, knowingly subject such inhabitant to the deprivation of any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States.

9

Civil No. 98-1893 (JAG)

Section 1983 of Title 42 authorizes the imposition of liability only upon a defendant who "subjects, or causes to be subjected, any citizen ... or other person ... to the deprivation of any rights" protected by federal law. Thus, the defendants' conduct must have a sufficiently close relationship to the claimed violation of the plaintiff's rights in order to conclude that the defendants "subjected" the plaintiff "to the deprivation" of his federally protected rights. The constitutional violation must be shown to be the proximate cause of the damage.

    A.   <u>42 U.S.C.A. § 1983: Burden of Proof</u>

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiffs' section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants. The defendants have the burden of proving each element of their defense. If you find that any one of the elements of defendants' defense has not been proven by a preponderance of the evidence, you must disregard the defense.

    B.   <u>Elements of a Section 1983 Claim</u>

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

10

Civil No. 98-1893 (JAG)

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

(1) <u>"Under Color of State Law" - defined</u>

Acts are done "under color of ... law" of a State, not only when State officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. In order for unlawful acts of an official to be done "under color of any law", however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of his official duties; that is to say, the unlawful acts must consist in an abuse or misuse of power which is possessed by the official only because he is an official; and the unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise his official powers.

A purely private act of a State Official is not a state action therefore is not under color of state law.

11

Civil No. 98-1893 (JAG)

    (2)   <u>"Deprivation of Right" - General Instruction</u>

       The second element of plaintiff's claim is that he was deprived of a federal right by the defendants.  In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: first, that the defendants committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the defendants acted intentionally and/or recklessly.

       In order to find a "person" liable under Section 1983, there must be proof that the actions or omissions of that particular "person" itself caused the constitutional deprivation.

    (3) <u>Proximate Cause- Generally</u>

       The third element which plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff; which in this case would be the pain and suffering of plaintiffs' son, Orlando Ocasio Alsina.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably

Civil No. 98-1893 (JAG)

foreseeable consequence of the defendants' acts or omissions.  If

an injury was a direct result or a reasonably probable consequence

of defendants' acts or omissions, it was proximately caused by such

act or omission.  In other words, if a defendant's act or omission

had such an effect in producing the injury that reasonable persons

would regard it as being a cause of the injury, then the act or

omission is a proximate cause.

          In order to recover damages for any injury, the

plaintiff must show by a preponderance of the evidence that such

injury would not have occurred without the conduct of the

defendants.  If you find that the defendants have proven, by a

preponderance of the evidence, that the plaintiff complains about

an injury which would have occurred even in the absence of the

defendants' conduct, you must find that the defendants did not

proximately cause plaintiff's injury.

          A defendants is not liable if plaintiff's injury was

caused by a new or independent source of an injury which intervenes

between the defendants' act or omission and the plaintiff's injury

and which produces a result which was not reasonably foreseeable by

the defendants.

          C.  <u>State of Mind - General</u>

          I instruct you that, to establish a claim under section

1983, the plaintiff must show that the defendants acted

Civil No. 98-1893 (JAG)

intentionally or recklessly.  If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff were injured as a result of those acts, you must return a verdict for the defendants.

       D. <u>State of Mind - Intentional</u>

       An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

       E.   <u>State of Mind - Deliberate Indifference</u>

       Deliberate indifference is established only if there is actual knowledge of a substantial risk that plaintiff will suffer unnecessarily if not given access to medical care and if the defendant disregards that risk by intentionally refusing or failing to take reasonable measures to deal with the problem.  Mere

Civil No. 98-1893 (JAG)

negligence or inadvertence does not constitute deliberate indifference.

F.  Serious Medical Need

A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

H. Delay or Lack of Access to Medical Care

Your verdict must be for plaintiff and against defendant on plaintiff's claim of deliberate indifference in the delay or lack of access to medical care if all of the following elements have been proven by the preponderance of evidence:

First, plaintiff had a serious need for access to medical care, such as medication and treatment for his HIV, his toxmoplasmosis condition, head trauma and any other conditions;

Second, defendant was aware of plaintiff's serious need for such medical treatment or care;

Third, defendant, with deliberate indifference, failed to provide access to medical care or treatment within a reasonable time;

Fourth, as a direct result, plaintiff suffered damages; and

Fifth, defendant was acting under color of state law.

15

Civil No. 98-1893 (JAG)

If any of the above elements has not been proven by the preponderance of evidence, then your verdict must be for defendants.

2. <u>Article 1802</u>

A person who by an act or omission causes damages to another through fault or negligence shall be obliged to repair the damage so done.

A. <u>Liability for a Failure to Act</u>

Liability may be imposed upon a defendant for a failure to act when there is a duty to act.

B. <u>Causal Nexus</u>

A cause of action for extracontractual damages consists of three elements; (1) Fault or negligence (2) the existence of damages and (3) causal relation between the fault or negligence and the damage.

C. <u>Adequate Cause</u>

Under the law, you must determine what was the adequate cause of an event. Every condition without which the result would not have been produced, is not a cause, but that which ordinarily produces it according to general experience.

In order for a negligent act to occur as a result of an omission, there must exist a duty to care, either imposed or recognized by the law, and a breach of this duty.

16

Civil No. 98-1893 (JAG)

D. <u>Cause</u>

You must decide what was the legal or proximate cause of the accident.  To do this you must determine (1) the conduct of an individual is generally appropriate to produce a given result; (2) the occurrence of the damage was to be expected in the normal course of events, or if, on the contrary it is outside this possible calculation.

3.  <u>Damages</u>

A. <u>Consider Damages Only If Necessary</u>

If the plaintiff has proven his claim against the defendants by a preponderance of the evidence and you determine that defendants did not reasonably believe that they were acting by authority of a valid statute and in good faith, you must determine the damages to which the plaintiff is entitled.  You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the defendants are liable and that the plaintiff is entitled to recover money from the defendants.

B.  <u>Conduct and Damages Separate and Distinct Issue</u>

Civil No. 98-1893 (JAG)

Conduct and damages are separate and distinct issues. To award damages you must find that defendants' conduct caused damages to the plaintiff. If defendants' conduct is not the direct, proximate or legal cause of plaintiff's damages, then no damages may be awarded. Damages may be awarded only if you find that defendants violated plaintiff's rights and that their conduct caused some injury to the plaintiff.

Conduct by a defendant that does not cause him harm does not entitle plaintiff to damages. By the same token, harm to the plaintiff which is not the result of unlawful conduct by defendants does not entitle him to damages.

C.    Damages - Injury in Fact

In this action, Maria Alsina as inheritor of Orlando Ocasio Alsina seeks compensation for her son's suffering. She is not bringing this action for damages she may have suffered, but only those suffered by her son during the time he did not have access to medical care and after the delay in such medical care occurred. You may award damages only for those injuries which you find plaintiff has proven on behalf of Orlando Ocasio Alsina, by a preponderance of evidence, to have been the direct result of conduct by defendants in violation of Section 1983. You must distinguish between, on the one hand, the existence of a violation of Orlando Ocasio Alsina's rights and, on the other hand, the

Civil No. 98-1893 (JAG)

existence of actual injuries proximately resulting from that violation. Thus, even if you find that defendants deprived Orlando Ocasio Alsina of his rights, you must ask whether plaintiff, on his behalf, has proven that the deprivation caused his actual damages.

Where no actual injury is proven, no compensatory damages can be awarded. Plaintiff cannot recover damages of Orlando Ocasio Alsina based upon the abstract value or importance of a constitutional right. Actual damages must be based on the evidence presented at trial, and only on that evidence; they must not be based on speculation or sympathy.

D.    Damages – Proximate Causation

You are not to award damages for any injury or condition from which a Orlando Ocasio Alsina may have suffered, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the action in question.

E.    Compensatory Damages

If you find that defendants are liable to the plaintiff, for Orlando Ocasio Alsina's damages, then you must determine an amount that is fair compensation for all of those damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole -that is, to compensate the plaintiff for the damage Mr. Orlando Ocasio Alsina

19

Civil No. 98-1893 (JAG)

has suffered.  Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.  If the plaintiff prevails on behalf of Orlando Ocasio Alsina, she is entitled to compensatory damages for the pain and suffering, mental anguish, shock and discomfort that Mr. Ocasio Alsina suffered because of the defendants' conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused to Mr. Ocasio Alsina by the defendants' allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the Mr. Ocasio Alsina's damages, no more and no less.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants.  You should not award compensatory damages for speculative injuries, but only for those injuries which Orlando Ocasio Alsina has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove any amount of damage with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Civil No. 98-1893 (JAG)

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

F.    Mitigation of Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate, that is, to avoid or minimize those damages.

If you find the defendants are liable and the plaintiff, on behalf of Mr. Ocasio Alsina, has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence that Mr. Ocasio Alsina unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured person may not sit idly by when presented with an opportunity to reduce damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendants have the burden of proving the damages which Mr. Ocasio Alsina could have mitigated. In deciding whether to reduce the Mr. Ocasio Alsina's damages because of his failure to mitigate, you

21

Civil No. 98-1893 (JAG)

must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants have satisfied their burden of proving that Mr. Ocasio Alsina's conduct was not reasonable.

### G.    Damages - Reasonable - Not Speculative

Awards of damages must be reasonable. If you should find that plaintiff, on behalf of Mr. Ocasio Alsina, is entitled to a verdict, you may award her only such damages as will reasonably compensate her for such damages she has inherited.

You are not permitted to award speculative damages, those based on guesswork.


### H.    Effect of Instructions as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.


III. Verdict

Civil No. 98-1893 (JAG)

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A.  <u>Election of Foreperson</u>

Upon retiring to the jury room, you will select one of your members to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court. Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to each answer, you will have your foreperson fill in, date and sign the form which sets forth the

23

Civil No. 98-1893 (JAG)

verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

    B.   <u>Jury's Responsibility</u>

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

    C.   <u>Communication Between the Court and the Jury During Deliberations</u>

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons are forbidden to

Civil No. 98-1893 (JAG)

communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to a person - not even to the Court - how the jury stand numerically or otherwise, on the question before you, until after you have reached a unanimous verdict.