IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA ALSINA ORTIZ, et al.,

    **Plaintiff(s)**

        v.                        **CIVIL NO.** 98-1893 (JAG)

ZOE LABOY ALVARADO, et al.,

    **Defendant(s)**

**OPINION AND ORDER**

GARCIA-GREGORY, District Judge

    On November 26, 2001, plaintiff Maria Alsina Ortiz ("Alsina"), in representation of the estate of her son Orlando Ocasio Alsina ("Ocasio"), filed an amended complaint against several officers and doctors from the Puerto Rico prison system pursuant to 42 U.S.C. § 1983 (Docket No. 227). On April 6, 2005, the First Circuit Court of Appeals affirmed this Court's dismissal of plaintiff's claims against all but one of the defendants (Docket No. 285). See Alsina-Ortiz v. LaBoy, 400 F.3d 77 (1st Cir. 2005). On November 28, 2005, the Court held a jury trial against the only defendant remaining, Emilio Castillo ("Castillo") (Docket No. 325). On December 2, 2005, the jury returned a verdict for the plaintiff in the amount of $500,000 (Docket No. 334). On December 19, 2005, Castillo renewed his motion for judgment as matter of law or new trial pursuant to Fed.R.Civ.P. 50(b) and 59(a), or for remittitur of the amount of

Civil No. 98-1893 (JAG)                                                                                          2

damages (Docket No. 337). On January 4, 2006, plaintiff opposed (Docket No. 338). For the reasons discussed below, the Court **DENIES** defendant's motion.

### FACTUAL BACKGROUND

On November 8, 1997, a riot occurred at the Bayamon Regional Metropolitan Institution, also known as "308." Ocasio suffered a blow to the head. The riot required the intervention of prison officials and the use of tear gas. As a result of the riot, twenty six inmates, including Ocasio, were taken to the Medical Area of the Institution for treatment. Five of those inmates, including Ocasio, were later transferred to outside medical facilities for treatment. Ocasio went to the Bayamon Regional Hospital (Ramon Ruiz Arnau Hospital). On November 12, 1997, medical personnel at the Bayamon Regional Hospital performed a CT Scan on Ocasio which revealed no evidence of traumatic intra-cranial pathology. A second CT scan performed two days later also showed no sign of intra-cranial hemorrhage. The personnel at the Bayamon Regional Hospital released Ocasio on November 15, 1997. Upon his release, Ocasio returned to his cell. Ocasio died on May 11, 1998. His autopsy reveals the cause of death as necrotizing encephalitis associated with AIDS.

Castillo was a correctional officer in "308". The evidence at trial showed that during November and December 1997, Castillo was aware of Ocasio's cries of pain and failed to provide him with access to medical care.

Civil No. 98-1893 (JAG)                                                    3

## DISCUSSION

A. <u>Rule 50</u>

Rule 50 allows a party during a jury trial to move the Court for entry of judgment as a matter of law if the opposing party "has been fully heard on an issue and there is no legal sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." Fed.R.Civ.P. 50(a)(1). If the Court decides to deny the motion, "[t]he movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment . . . ." Fed.R.Civ.P. 50(b). "[T]he party renewing a motion for judgment as a matter of law pursuant to Rule 50(b) 'is required to have moved for judgment as a matter of law at the close of all the evidence.'" <u>Taber Partners I v. Insurance Co. of North America, Inc.</u>, 917 F.Supp. 112, 115 (D.P.R. 1996) (<u>quoting</u> <u>Keisling v. SER-Jobs for Progress, Inc.</u>, 19 F.3d 755, 758 (1st Cir. 1994)). "A motion for judgment as a matter of law, like a motion for summary judgment, questions whether a reasonable jury could reach only one result based upon the evidence." <u>Id.</u> (<u>citing</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 251). As part of this analysis, courts "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." 9 James Wm. Moore, <u>Moore's Federal Practice 3D</u> § 50.06[6][b], at 50-40. Pursuant to Fed.R.Civ.P. 50, defendant's "motion for judgment cannot be granted unless, as matter of law, [plaintiff] failed to make a

Civil No. 98-1893 (JAG)                                                    4

case, and, therefore, a verdict in movant's favor should have been directed." <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S. 243, 251 (1940).

Castillo argues that the Court should enter judgment in his favor as a matter of law because plaintiff failed to establish a causal link between his conduct and Ocasio's suffering. He further argues that if the jury had considered Ocasio's medical record, it would have reached the inevitable conclusion that Ocasio did receive medical treatment. Thus, Castillo implies that the verdict reflects the jury's prejudice against the conduct of the defendants already dismissed from the case and not necessarily a determination that he engaged in any wrongful conduct.

The Court, however, disagrees. The evidence presented at trial showed that during the months of November and December 1997, on several occasions Castillo saw Ocasio screaming in pain from his injuries, and there is no evidence to show that Castillo took any action to provide Ocasio with medical treatment. That Ocasio may have received medical attention at a later time is immaterial as the issue before the jury was if Castillo had delayed Ocasio's access to such medical treatment. This evidence is sufficient to support a finding that Castillo was deliberately indifferent to Ocasio's well-being and, thus, to uphold the verdict.

B. <u>Rule 59</u>

Rule 59 allows the Court to order a new trial, upon a party's

Civil No. 98-1893 (JAG)                                                          5

or its own motion, "for any of the reasons for which new trials have heretofore been granted." Fed.R.Civ.P. 59(a); See also Taber Partners I, 917 F.Supp. at 116. The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of the alleged substantial errors in admission or rejection of evidence or instructions to the jury. Montgomery Ward & Co., 311 U.S. at 251. The Court may grant a new trial although it has denied the entry of judgment as a matter of law under Fed.R.Civ.P. 50, China Resource Products (U.S.A.) Ltd. v. Fayda Intern., Inc., 856 F.Supp. 856, 862 (D. Del. 1994), or even when substantial evidence supports the jury's verdict, Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994). "But this does not mean that the district court should grant a motion for new trial simply because the court would have come to [a] different conclusion." Moore, supra, 12 § 59.13[2][a] at 59-44. Instead, a new trial "should only be granted where a 'miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or where the verdict 'shocks [the] conscience.'" Smith v. Delaware Bay Launch Service, Inc., 842 F.Supp. 770, 778 (D. Del. 1994) (quoting Cudone v. Gehret, 828 F.Supp. 267, 269 (D. Del. 1993)).

Castillo argues that he should be afforded a new trial because

Civil No. 98-1893 (JAG)                                                    6

the witness' testimony was not credible or contradictory, and because the jury misunderstood the Court's instructions. He further argues that the jury award is meant to compensate the plaintiff not just for any injuries he may have caused, but also for the injuries caused by all of the other defendants, physicians, and medical staff that at any time intervened with Ocasio.

The Court, however, does not find that the jury verdict is improper and should be overturned. At trial, there was ample evidence that Castillo knew of Ocasio's condition and no evidence to show that he either alerted or brought Ocasio to medical personnel. It would appear the jury believed that this inaction by Castillo renders him liable to Ocasio and merits a verdict of five-hundred thousand dollars. The Court does not find that this is a miscarriage of justice that cries to be overturned. Furthermore, whether the witnesses appeared credible or not is a matter left solely for the jury to decide and the Court cannot second-guess their determination. Accordingly, the request for a new trial must be denied.

C. Remittitur

"Remittitur is defined as the process by which a court compels a plaintiff to choose between the reduction of an excessive verdict and a new trial." Moore, supra, 12 § 59.13[2][g][iii][A] at 59-82; see also Shu-Tao Lin v. McDonnell Douglas Corp., 742 F.2d 45 (2nd Cir. 1984). If the court considers that a jury's verdict is

Civil No. 98-1893 (JAG)                                                    7

excessive, it may condition the grant of a new trial on the victorious party's refusal to accept a reduced verdict. The court cannot enter a judgment with the reduced verdict without the party's consent. Because remittitur presents a direct interference with the jury's prerogatives, the court limits its concession to the situations in which the award "shocks the judicial conscience". See Earl v. Bouchard Transp. Co., Inc., 917 F.2d 1320, 1328 (2nd Cir. 1990); Moore, supra, 12 § 59.13[2][g][iii] at 59-84. "[T]he question [is] whether the amount of damages found by the jury is so excessive and exorbitant as to show passion and prejudice on the part of the jury." Id.

For the same reasons discussed with their Rule 50 and Rule 59 motions, Castillo argues that the amount of the verdict against him is excessive and could only be the result of the jury's passion and unfair prejudice.

As discussed above, however, the Court does not find that the amount of the verdict is so excessive and exorbitant that it would shock the conscience and require the Court to intervene with the jury's prerogative to gauge the damages suffered by Ocasio. The evidence presented showed that Ocasio suffered a great deal of pain and that Castillo did nothing to help him. Thus, defendant's request for remittitur must be denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion

Civil No. 98-1893 (JAG)                                                                 8

for reconsideration, new trial, or remittitur.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 25th day of April 2006.

                                        <u>s/ Jay A. Garcia-Gregory</u>
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge